**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CLIMATE UNITED FUND** | |
| Plaintiff, | |
| v. | Civil Action No. 25-cv-698-TSC |
| **CITIBANK, N.A.**, *et al.* | |
| Defendants. | |
| **COALITION FOR GREEN CAPITAL** | |
| Plaintiff, | |
| v. | Civil Action No. 25-cv-735-TSC |
| **CITIBANK, N.A.**, *et al.* | |
| Defendants. | |
| **POWER FORWARD COMMUNITIES, INC.** | |
| Plaintiff, | |
| v. | Civil Action No. 25-cv-762-TSC |
| **CITIBANK, N.A.**, *et al.* | |
| Defendants. | |

**PLAINTIFFS' CONSOLIDATED**
**MOTION TO EXTEND TEMPORARY RESTRAINING ORDER**

Pursuant to Fed. R. Civ. P. 65 and LCvR 65.1(a), Plaintiffs Climate United Fund, Coalition

for Green Capital, and Power Forward Communities, Inc. ("Plaintiffs"), hereby move to extend

the Temporary Restraining Order entered by this Court on March 18, 2025 (Dkt. 29)[1] for an additional fourteen days from its presumptively scheduled expiration date of April 1, 2025. An extension is necessary to preserve the status quo pending the determination of Plaintiffs' Motion for Preliminary Injunction, which will be fully briefed tonight and is set to be heard on April 2, 2025.

On March 26, 2025, Plaintiffs requested that Defendants consent to an extension of the TRO for an additional fourteen days to allow the Court time to consider the preliminary injunction motion. On March 27, counsel for the EPA Defendants responded that "for the reasons set forth in our TRO opp., and now our PI opp., we continue to maintain that the Court lacks jurisdiction and that Plaintiffs have not met the legal standard necessary to obtain TRO relief. Thus, we cannot agree to any extension of the TRO." Counsel for Defendant Citibank advised later that day that it "defers to the Government with regard to [the extension], and therefore takes no position," even though there is plainly diversity jurisdiction as to Citibank.

## <u>ARGUMENT</u>

This Court should extend the TRO to April 15, 2025. Fed. R. Civ. P. 65(b)(2) provides that a TRO issued without notice expires no later than fourteen days after its entry, "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Although the Rule is "silent on the timeline for temporary restraining orders entered with notice," as is the case here, "it is generally accepted that the standard fourteen days followed by a fourteen-day extension for good cause applies to a TRO entered with notice as well." *Dellinger v. Bessent*, 2025 WL 615122, at *2 (D.D.C. Feb. 26, 2025) (citing Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2953)).

---

[1] At the time the Court entered the TRO, the cases had not yet been consolidated, but identical orders were entered in *Coalition for Green Capital v. Citibank, N.A., et al.*, No. 25-cv-735, Dkt. 16, and *Power Forward Communities, Inc. v. Citibank, N.A., et al.*, No. 25-cv-762, Dkt. 15. For the avoidance of doubt, the instant motion seeks an extension of all three orders.

Good cause exists to extend the TRO for a further fourteen days. "Although there is little case law on what constitutes 'good cause,' 'a showing that the grounds for originally granting the [TRO] continue to exist' is sufficient." *Costa v. Bazron*, 2020 WL 2410502, at *2 (D.D.C. May 11, 2020) (quoting 11A Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2953); *Clevinger v. Advocacy Holdings, Inc.*, 2023 WL 4535467, at *2 (D.D.C. June 20, 2023) ("Good cause to extend a TRO can be established . . . when an extension will prevent further irreparable harm from accruing while the moving party presents a motion for a preliminary injunction."). Good cause may also be established where "the Court needs time to consider [a] forthcoming motion for a preliminary injunction." *Costa*, 2020 WL 2410502, at *3.

Any of these grounds constitutes good cause for extending the TRO in these cases for an additional fourteen days. As the Court held in its memorandum opinion granting Plaintiffs' motions for a TRO in part, "preserving the status quo here is particularly important. If Citibank transfers money out of these accounts, the funds will not be recoverable. . . . Any transfer, re-allocation, or re-obligation of these funds would be an irreparable loss." Dkt. 28 at 19. That concern persists, and the EPA Defendants have given Plaintiffs no reason to think they would not direct Citibank to transfer the money out of the accounts if the TRO were lifted. The extension will also provide the Court with the time it needs to consider Plaintiffs' preliminary injunction motion. In its present posture, the TRO would presumptively expire before the Court is set to even hear argument on that motion, which would run counter to the Court's intent, expressed in its order, that the EPA Defendants and Citibank be enjoined from giving effect to the Termination Letters "pending a determination on the merits" and that Citibank be enjoined from moving or transferring grant funds to any party other than the accountholders "absent an Order from this court." Dkt. 29 at 2.

For the foregoing reasons, the Court should enter an order in substantially the form attached to this motion, extending its Temporary Restraining Order for an additional fourteen days, until April 15, 2025, unless it is superseded by the entry of a preliminary injunction prior to that date.

Dated: March 28, 2025

/s/ *Vincent Levy*

Vincent Levy (NY0487)
Kevin D. Benish (NY0495)
Patrick J. Woods*
Daniel Fahrenthold (NY0603)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Tel.: (646) 837-5151
vlevy@hsgllp.com
*Application for admission pending

*Attorneys for Plaintiff Coalition for Green Capital*

/s/ *Beth C. Neitzel*

Beth C. Neitzel (103611)
Jack C. Smith (1725229)
Kevin Y. Chen (admitted *pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard, Suite 1600
Boston, MA 02210
Tel. (617) 832-1000
bneitzel@foleyhoag.com
jcsmith@foleyhoag.com
kchen@foleyhoag.com

Noah C. Shaw (*pro hac vice* motion pending)
James M. Gross (admitted *pro hac vice*)
FOLEY HOAG LLP
1301 Ave. of the Americas, 25th Floor
New York, NY 10019
Tel.: (212) 812-0400
ncshaw@foleyhoag.com
jgross@foleyhoag.com

*Attorneys for Plaintiff Power Forward Communities*

Respectfully submitted:

/s/ *Adam G. Unikowsky*

Adam G. Unikowsky (989053)
Kathryn L. Wynbrandt* (1602446)
David B. Robbins (493976)
Tanner J. Lockhead* (90011928)
JENNER & BLOCK LLP
1099 New York Avenue, Suite 900
Washington, D.C. 20001
Tel.: (202) 639-6000
Fax: (202) 639-6066
aunikowsky@jenner.com
*Application for admission pending.

Gabriel K. Gillett (admitted *pro hac vice*)
Simon A. de Carvalho (*pro hac vice* forthcoming)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350
ggillett@jenner.com
sdecarvalho@jenner.com

Allison N. Douglis (admitted *pro hac vice*)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Tel.: (212) 891-1600
Fax: (212) 891-1699
adouglis@jenner.com

*Attorneys for Plaintiff Climate United Fund*