UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CLIMATE UNITED FUND**<br><br>   Plaintiff,<br><br> v.<br><br>**CITIBANK, N.A.**, *et al.*<br><br>   Defendants. | Civil Action No. 25-cv-698 |
| **COALITION FOR GREEN CAPITAL**<br><br>   Plaintiff,<br><br> v.<br><br>**CITIBANK, N.A.**, *et al.*<br><br>   Defendants. | Civil Action No. 25-cv-735 |
| **POWER FORWARD COMMUNITIES, INC.**<br><br>   Plaintiff,<br><br> v.<br><br>**CITIBANK, N.A.**, *et al.*<br><br>   Defendants. | Civil Action No. 25-cv-762 |

**ORDER**

On March 8, March 12, and March 14, 2025, Plaintiffs Climate United Fund ("Climate United")[1], Coalition for Green Capital ("CGC"), and Power Forward Communities, Inc. ("PFC"), respectively, sued Citibank, N.A. ("Citibank"), and the U.S. Environmental Protection Agency ("EPA"), EPA Administrator Lee Zeldin, and EPA Acting Deputy Administrator William Charles McIntosh (collectively, "EPA Defendants"), seeking declaratory and injunctive relief against all Defendants after EPA unilaterally suspended and then terminated Plaintiffs' grant awards.[2] On March 11, 2025, EPA Defendants transmitted nearly identical "Notice of Termination" letters to Plaintiffs, indicating that EPA was terminating their grants effectively immediately. *See, e.g.*, Climate United, Notice of Grant Termination Letter, ECF No. 13-1.

That same week, Plaintiffs individually moved for a Temporary Restraining Order ("TRO"), seeking to enjoin Citibank from violating its legal and contractual obligations to disburse grant money owed to Plaintiffs, to enjoin Citibank from transferring Plaintiffs' grant funds out of their accounts, to enjoin all Defendants from giving effect to EPA Defendants' Termination Letter, and to enjoin EPA Defendants from taking action to, among other things, implement the termination of Plaintiffs' grant awards. On March 12, and March 17, 2025, the court held hearings on the motions. Mar. 12, 2025 Min. Order; Mar. 16, 2025 Min. Order.

---

[1] On March 17, 2025, Plaintiff Climate United filed an Amended Complaint. Climate United Am. Compl., ECF No. 24.

[2] Under the National Clean Investment Fund, Plaintiffs were awarded funding to finance clean technology projects nationwide—Climate United was awarded $6.97 billion, CGC was awarded $5 billion, and PFC was awarded $2 billion. Pls.' Consolidated Mot. for Prelim. Inj. at 1, 6, ECF No. 33-1. Plaintiffs contend that their grant terminations were unlawful. *See id.* at 1–4.

On March 18, 2025, the court entered a TRO enjoining:

- EPA Defendants and Citibank from giving effect to EPA Defendants' Termination Letter, pending a determination on the merits.
- EPA Defendants from transmitting or taking action to implement the termination of Plaintiffs' grants, including taking action that results in the transfer, re-obligation, or re-allocation of the grant funds in Plaintiffs' Citibank accounts, or issuing a Notice of Exclusive Control under its agreements.
- Defendant Citibank from moving or transferring Plaintiffs' grant funds to any party other than the accountholders, absent an Order from this court.

Mar. 18, 2025, Order ("TRO Order") at 2, ECF No. 29 (cleaned up).

The court also ordered the parties to "meet and confer regarding further proceedings, including any proposed briefing schedule" and to submit a "joint status report with the parties' positions by Wednesday, March 19, 2025, at 2PM EST." *Id.* The parties agreed to the following schedule:

- Plaintiffs to file their motions for preliminary injunctions by Friday, March 21.
- Defendants to answer the motions by Wednesday, March 26.
- Plaintiffs to reply by Friday, March 28.
- The Court to hold a hearing on Plaintiffs' motions on April 1 or April 2.

Mar. 19, 2025, Jt. Status Rep. at 2, ECF No. 30.

The court adopted the parties' proposed schedule and set the preliminary injunction hearing for April 2, 2025. Mar. 19, 2025 Min. Order. As noticed at the March 17, 2025 hearing, the court consolidated case 25-cv-698 (*Climate United v. Citibank, et al.*) with 25-cv-762 (*Power Forward Communities, Inc. v. Citibank, et al.*) and 25-cv-735 (*Coalition for Green Capital v. Citibank, et al.*). Mar. 20, 2025 Min. Order.[3]

---

[3] On March 25, 2025, the court further consolidated case 25-cv-820 (*California Infrastructure and Economic Development Bank, et al. v. Citibank, et al.*) with this case. The parties all agreed to or did not object to consolidation. Mar. 21, 2025, Jt. Status Rep. in 25-cv-820, ECF No. 10.

On March 28, 2025, Plaintiffs moved to extend the existing temporary restraining order. Pls.' Consol. Mot. to Extend TRO, ("Extend TRO Mot."), ECF No. 52. Because the court entered the TRO on March 18, 2025, Plaintiffs move to extend the TRO "for an additional fourteen days from its presumptively scheduled expiration date of April 1, 2025." *Id.* at 2. Plaintiffs state that "[a]n extension is necessary to preserve the status quo pending the determination of Plaintiffs' Motion for Preliminary Injunction," which is now fully briefed, "and is set to be heard on April 2, 2025." *Id.*

Plaintiffs asked for Defendants' consent, to which EPA Defendants responded that they "continue to maintain that the Court lacks jurisdiction and that Plaintiffs have not met the legal standard necessary to obtain TRO relief." *Id.* Citibank stated that it defers to the government and takes no position. *Id.*

Under Federal Rule of Civil Procedure 65(b)(2), a temporary restraining order *without notice* is valid for a period "not to exceed 14 days . . . unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2) (emphasis added). But, as Plaintiffs note, the Rule is silent on the timeline for TROs entered *with notice*, as is the case here. Extend TRO Mot. at 2.

"Although there does not seem to be any case law on what constitutes 'good cause' for purposes of extending a Rule 65(b) order, a showing that the grounds for originally granting the temporary restraining order continue to exist should be sufficient." 11A Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2953. Courts have also found good cause where "the Court needs time to consider [a] forthcoming motion for a preliminary injunction." *Costa v. Bazron*, No. 19-cv-3185 (RDM), 2020 WL 2410502, at *3 (D.D.C. May 11, 2020).

The court finds that a brief extension is appropriate here for several reasons. First, good cause exists for the same reasons justifying the TRO in the first place. *See* Mem. Op., ECF No. 28 at 13–23. Second, the court adopted the parties' proposed schedule for a preliminary injunction hearing, and Defendants agreed to a hearing on April 2, 2025. The preliminary injunction motion is fully briefed, and the hearing is now two days away. The court plans to hear Defendants' jurisdictional arguments and rule expeditiously on the preliminary injunction motion. Third, the court is extending the TRO by only a few days—seven, not fourteen—while it hears and rules on the parties' arguments.

In consideration of these circumstances, the court finds there is good cause to extend the TRO. The court therefore GRANTS Plaintiffs' Consolidated Motion to Extend the Temporary Restraining Order for seven days until **Tuesday, April 8, 2025**. The TRO entered on March 18, 2025, ECF No. 29, remains in full force and effect.

**SO ORDERED.**

Date: March 31, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge