**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CLIMATE UNITED FUND,**<br><br>                    Plaintiff,<br>    v.<br><br>**CITIBANK, N.A.,** *et al.*<br><br>                    Defendants. | Case No. 1:25-cv-00698 (TSC) |
| **COALITION FOR GREEN CAPITAL,**<br><br>                    Plaintiff,<br>    v.<br><br>**CITIBANK, N.A.,** *et al.*<br><br>                    Defendants. | Case No. 1:25-cv-00735 (TSC) |
| **POWER FORWARD COMMUNITIES, INC.,**<br><br>                    Plaintiff,<br>    v.<br><br>**CITIBANK, N.A.,** *et al.*<br><br>                    Defendants. | Case No. 1:25-cv-00762 (TSC) |
| **CALIFORNIA INFRASTRUCTURE AND ECONOMIC DEVELOPMENT BANK,** *et al.*<br><br>                    Plaintiffs,<br>    v.<br><br>**CITIBANK, N.A.,** *et al.*<br><br>                    Defendants. | Case No. 1:25-cv-00820 (TSC) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

The EPA respectfully notifies the Court of the Supreme Court's order staying the TRO in *U.S. Dept. of Education v. California*, No. 24A910 (Apr. 4, 2025) (Order, attached).  In its *per curiam* Order, the Supreme Court concluded the government was likely to prevail in showing that the district court lacks jurisdiction under the APA to enjoin the government's termination of education grants and order it to continue funding the grants.  *Id.* at 1–2.  The Order is directly relevant to this case because plaintiffs' motions for preliminary injunction raise the same jurisdictional question.

Like this case, the respondents in *Dept. of Ed.* contend that the government's termination violated the APA, relying upon the same termination regulation at issue here, 2 C.F.R. § 200.340.  *See id.*, Opp. to App. at 22–23 (Mar. 28, 2025).  The district court also entered the same basic relief requested here: an order enjoining the government from "terminating various education related grants" and "to pay out past-due grant obligations and to continue paying obligations as they accrue." Order at 1.

The Supreme Court stayed the TRO, concluding that "the Government is likely to succeed in showing the District Court lacked jurisdiction to order payment of money under the APA." Order at 1–2. The Supreme Court explained, "as we have recognized, the APA's limited waiver of immunity does not extend to orders 'to enforce a contractual obligation to pay money' along the lines of what the District Court ordered here.'" *Id.* at 2 (quoting *Great-West Life & Annuity Ins. Co.* v. *Knudson*, 534 U. S. 204, 212 (2002)).  Rather, the Supreme Court concluded that "the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States.'" *Id.* (citing 28 U. S. C. §1491(a)(1)).

The Supreme Court also found a stay was warranted because, like here, "respondents have not refuted the Government's representation that it is unlikely to recover the grant funds once they are disbursed." *Id.* at 2. As here, "[n]o grantee 'promised to return withdrawn funds should its grant termination be reinstated.'" *Id.*

Dated: April 4, 2025  Respectfully Submitted,

YAAKOV ROTH
Acting Assistant Attorney General

KIRK T. MANHARDT
Director

<u>/s/ Kevin P. VanLandingham</u>
MARC S. SACKS (Ga. Bar No. 621931)
*Deputy Director*
KEVIN P. VANLANDINGHAM (NY Reg No. 4741799)
*Assistant Director*
U.S. Department of Justice
Civil Division
Corporate/Financial Section
P.O. Box 875
Ben Franklin Stations
Washington D.C. 20044-0875
Tel: (202) 307-1134
Email: kevin.p.vanlandingham@usdoj.gov

*Attorneys for the United States
Environmental Protection Agency*