**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Climate United Fund,<br><br>    Plaintiff,<br><br> v.<br><br>Citibank, N.A., et al.,<br><br>    Defendants. | **CIVIL ACTION<br>1:25-cv-00698-TSC** |
| Coalition for Green Capital,<br><br>    Plaintiff,<br><br> v.<br><br>Citibank, N.A., et al.,<br><br>    Defendants. | **CIVIL ACTION<br>1:25-cv-00735-TSC** |
| Power Forward Communities, Inc.,<br><br>    Plaintiff,<br><br> v.<br><br>Citibank, N.A., et al.,<br><br>    Defendants. | **CIVIL ACTION<br>1:25-cv-00762-TSC** |
| California Infrastructure and Economic Development Bank, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>Citibank, N.A., et al.,<br><br>    Defendants. | **CIVIL ACTION<br>1:25-cv-00820-TSC** |

## DEFENDANT CITIBANK, N.A.'S RESPONSE REGARDING NOTICE OF SUPPLEMENTAL AUTHORITY

Citibank N.A. ("Citibank") respectfully submits this response to Plaintiffs' submission regarding the Supreme Court's decision in *Department of Education, et al. v California et al.*, S. Ct. No. 24A910 (April 4, 2025).

In their submission, Plaintiffs argued that even if *Department of Education* forecloses their claims against the government, the Court could still exercise "jurisdiction to consider whether Citibank breached a private contract" and could issue "an injunction against Citibank directing it to comply with all instructions of accountholders." Dkt. 64 at 4.  These arguments are incorrect: If Plaintiffs' claims against the government fail—whether on the merits or for lack of jurisdiction—their claims against Citibank, which in this circumstance is simply an agent of the government, should similarly be dismissed or, at the very least, stayed.

As Citibank explained in its response to the prime recipients' preliminary injunction motion, Plaintiffs have no likelihood of success on the merits of their claims against Citibank because Citibank fully complied with its contractual obligations under both the Financial Agency Agreement and the Account Control Agreements.[1]  Additionally, to the extent the government has sovereign immunity against Plaintiffs' claims, Citibank is entitled to "derivative sovereign immunity," which protects "agents of the sovereign . . . from liability for carrying out the sovereign's will," *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 643 (4th Cir. 2018), and disallows claims when defendants have "simply performed as the [g]overnment

---

[1] The account control agreements make clear that there cannot be any likelihood of success on the merits as to Citibank, because they state that Citibank "shall not incur any liability for not performing any act or fulfilling any obligation hereunder by reason of any occurrence beyond its control (including, without limitation … any act of any governmental authority …)." CUF ECF 48 at 16–17.

directed," *In re O.P.M. Data Sec. Breach Litig.*, 928 F.3d 42, 69, 442 (D.C. Cir. 2019); CUF Dkt. 48 at 17–19.  Plaintiffs' allegations at most establish that Citibank performed as EPA and the Department of Treasury have directed.  Thus, to the extent the government has sovereign immunity against claims for specific performance of contract—because, as the Supreme Court's decision in *Department of Education* now underscores, the APA does not waive that immunity—then Citibank will be due immunity as well.

Should the Court determine that the Court of Claims has exclusive jurisdiction over claims against the government, then the Court should refrain from proceeding with litigation in this Court against Citibank alone.  Plaintiffs assert the Court could address claims against Citibank "without regard to the propriety of EPA's conduct to date."  Dkt. 64 at 4.  That is wrong.  Plaintiffs' claims against Citibank are tied up in Citibank's compliance with the government's instructions under the FAA.  Inevitably, proceeding with litigation against Citibank would require not only the Court of Claims, but also this Court, to judge the lawfulness of EPA's instructions.  The Court should decline such duplicative litigation and dismiss or stay all claims against Citibank while the gravamen of Plaintiffs' complaints (against the government) are decided in the proper forum.  Dkt. 48 at 19.  There is no basis in law or logic for allowing claims to proceed against Citibank when claims against its principal have been dismissed.

Dated: April 7, 2025                                Respectfully submitted,

*/s/ K. Winn Allen*
K. Winn Allen, P.C.
Saunders McElroy
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 389-5078
winn.allen@kirkland.com
saunders.mcelroy@kirkland.com

***Counsel for Defendant Citibank, N.A.***

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing via e-mail to all counsel of record.

/s/ K. Winn Allen
K. Winn Allen