**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CLIMATE UNITED FUND,** | |
| Plaintiff, | Civil No. 25-cv-698 (and consolidated cases) |
| v. | |
| **CITIBANK, N.A.,** *et al.*, | |
| Defendants. | |
| **COALITION FOR GREEN CAPITAL,** | |
| Plaintiff, | |
| v. | |
| **CITIBANK, N.A.,** *et al.*, | |
| Defendants. | |
| **POWER FORWARD COMMUNITIES, INC.** | |
| Plaintiff, | |
| v. | |
| **CITIBANK, N.A.,** *et al.*, | |
| Defendants. | |
| **CALIFORNIA INFRASTRUCTURE &** **ECONOMIC DEVELOPMENT BANK,** *et al.*, | |
| Plaintiffs, | |
| v. | |
| **CITIBANK, N.A.,** *et al.*, | |
| Defendants. | |

**STATE GREEN BANK PLAINTIFFS'**
**RESPONSE TO EPA'S NOTICE OF AUTHORITY**

Plaintiffs California Infrastructure and Economic Development Bank, Efficiency Maine

1

Trust, Illinois Finance Authority, and Minnesota Climate Innovation Finance Authority

(together, State Green Banks or State Green Bank Plaintiffs) respectfully submit this response to

Defendant the U.S. Environmental Protection Agency's (EPA) Notice of Supplemental

Authority, ECF No. 63, regarding the per curiam order in *U.S. Department of Education v.*

*California*, No. 24A910, 2025 WL 1008354 (Apr. 4, 2025) (*DOE*). The order in *DOE* is not a

determination on the merits of any claim or issue in that case but simply grants an application to

stay the lower court's TRO pending appeal. *Id.* at *2. State Green Bank Plaintiffs agree with the

Private Plaintiffs' Response to EPA's Notice of Authority, ECF No. 64, and offer the following

additional points particular to the State Green Bank Plaintiffs' claims.

I.      **Plaintiffs Seek to Prohibit EPA from Interfering with Their Access to Funds
        Already Disbursed to Grantees and Subgrantees.**

While the Court observed in *DOE* that the APA's waiver of immunity "does not extend to

orders 'to enforce a contractual obligation to pay money,'" Plaintiffs do not seek such an order.

*DOE*, 2025 WL 1008354, at *1 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534

U.S. 204, 212 (2002)). Indeed, they do not need to, because the Government already disbursed

money to Plaintiffs, and that money is now held in accounts for Plaintiffs. This is the case for the

subgrantee State Green Banks just as it is for the Private Plaintiffs, because each subgrantee has

its own account and its own Account Control Agreement with Citibank, naming the subgrantee

as the Pledgor for whom funds are held. Here, Plaintiffs seek only to prohibit EPA from

interfering with Plaintiffs' rights to access those funds. Indeed, State Green Bank Plaintiffs'

claims—as EPA itself argues—cannot sound in contractual obligations, because subgrantees "do

not have any direct legal relationship with the EPA." ECF No. 56, at 7.

Rather, the State Green Banks have a legally protected interest in the funds held in their

separate Citibank accounts, and EPA's actions have directly interfered with their access to those

funds. *See Crowley Gov't Servs. v. Gen. Servs. Admin.*, 38 F.4th 1099, 1109-1110 (D.C. Cir.

2022) (analogizing plaintiff's APA claim to a common law claim for tortious interference). As

the Account Control Agreements governing these funds state, Citibank "maintains the Accounts

for the Pledgor"—i.e., the accountholder—not the Government. *See, e.g.*, Case 1:25-cv-00820-

TSC, ECF No. 17-1, Ex. A, § 1(a) (Account Control Agreement for Illinois Finance Authority).

In fact, the governing Account Control Agreements recognize no property interest held by the

Government at all; the security interests in the State Green Banks' funds are held by their prime

grantee, not EPA or any other federal agency. *Id.* at p. 11. Thus, whatever Citibank's fiduciary

duties to the Government as financial agent, and despite EPA's ongoing oversight rights under 2

C.F.R. §§ 200.328-326, Citibank must honor Plaintiffs' instructions. Case 1:25-cv-00820-TSC,

ECF No. 17-1, Ex. A, §§ 1(b), 2. As Citibank's counsel represented at the April 2, 2025 hearing,

but for EPA's directive, Citibank would do exactly that.

Thus, an injunction or final judgment setting aside EPA's directives to Citibank—with no

order to EPA or any other federal agency to pay money—would redress Plaintiffs' injuries. This

action therefore differs from *DOE*, where the district court had affirmatively ordered the

Government "to pay out past-due grant obligations and to continue paying obligations as they

accrue," 2025 WL 1008354, at *1, as opposed to simply ordering the Government to refrain from

interfering with plaintiffs' access to funds already paid. This is a paradigmatic Administrative

Procedure Act (APA) claim, seeking to enjoin and then set aside an unlawful agency action that

injures an aggrieved party, 5 U.S.C. § 702, and the *DOE* order is inapplicable.

II.     **The Administrative Procedure Act, Not the Tucker Act, Authorizes Prospective Relief against the Irreparable Reputational Harms to Green Banks' Core Business.**

State Green Banks' evidence also underscores Private Plaintiffs' argument that the

relative harms at stake further distinguish *DOE* from this case. ECF No. 64, at 5. In *DOE*, the

Court observed that "the Government compellingly argues that respondents would not suffer irreparable harm" while the Government would be "unlikely to recover the grant funds once disbursed." 2025 WL 1008354, at *1. The opposite is true here on both accounts.

First, Plaintiffs in this case, including State Green Banks, will suffer irreparable harm. The green lending industry depends on the liquidity of funds to attract and retain borrowers and financing partners. Case 1:25-cv-00820-TSC, ECF No. 17-1 ¶¶ 21-23; *id.*, ECF No. 17-2 ¶¶ 31-32; *id.*, ECF No. 17-4 ¶¶ 35-37; *id.*, ECF No. 17-5 ¶¶ 31-32. Without access to funds, State Green Banks will suffer nonpecuniary harms to their reputation as reliable financing providers. Those harms are not remediable with money damages, *Atlas Air, Inc. v. Int'l Bhd. of Teamsters*, 280 F. Supp. 3d 49, 103 (D.D.C. 2017), so Plaintiffs cannot vindicate them in the Court of Federal Claims. Similarly, if EPA gives effect to its termination "for cause" based on "substantial concerns" of waste, fraud, and abuse, ECF No. 49-2 at 191—despite the Government's abandonment of that termination basis, *see* ECF No. 49 at 25-26—that black mark on State Green Banks' grant records will irreparably harm State Green Banks' ability to secure federal and even state funds under future, unrelated grants. Case 1:25-cv-00820-TSC, ECF No. 17-1, ¶¶ 19-20; *id.*, ECF No. 17-2 ¶ 35. Such reputational harms were not at stake in *DOE*. APA relief enjoining (and final relief setting aside) EPA's freeze directives and March 11, 2025 termination letter will prevent these reputational harms; money damages under the Tucker Act are wholly irrelevant to these harms.

Second, unlike in *DOE*, the Government will not suffer irreparable harm from permitting Plaintiffs to access funds that are already disbursed to their accounts at Citibank. At a minimum, the Government can suffer no harm from maintaining the funds where they are at Citibank pending a final determination on the merits.

4

**III.    This Court, Not the Court of Federal Claims, Has Jurisdiction to Stop EPA's Attempt to Dismantle the Greenhouse Gas Reduction Fund.**

Lastly, this Court need not rely on the Court's passing comments on jurisdiction in *DOE*. 2025 WL 1008354, at *1. State Green Banks' constitutional and statutory claims reinforce the Private Plaintiffs' point that the Government's conduct here cannot be reduced to the alleged breach of a few contracts. *See* ECF No. 64 at 4. This is not a simple dispute regarding grant management. It is a case in which EPA objects to the way *Congress* structured the Greenhouse Gas Reduction Fund program and has taken unlawful action to try to dismantle the entire program, some of which include seeking to terminate grants. This conduct gives rise to Plaintiffs' constitutional claims and provides a further point of distinction between this case and *DOE*, in which the plaintiffs did not bring constitutional claims.

Regardless of whether or not EPA could lawfully terminate the contracts or re-obligate funds, *compare* ECF No. 33 at 35, *with* ECF No. 49 at 19-20, EPA's conduct threatens to make the NCIF funds effectively unusable for the purpose Congress specified by ensuring no green lending institution can credibly commit them to finance qualified projects. *See* Case 1:25-cv-00820-TSC, ECF No. 17-1 ¶¶ 21-23; *id.*, ECF No. 17-2 ¶¶ 31-32; *id.*, ECF No. 17-4 ¶¶ 35-37; *id.*, ECF No. 17-5 ¶¶ 31-32. EPA cannot be allowed to proceed with its unlawful campaign to "terminat[e]" the Inflation Reduction Act, Exec. Order 14154, 90 Fed. Reg. 8353, 8357 (Jan. 29, 2025), by hiding behind contracts that are merely incident to its overall scheme to undo Congress' directive. The *DOE* per curiam order says nothing to the contrary.

Date: April 7, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

KEITH ELLISON
Minnesota Attorney General

s/ Meghan Strong
**MEGHAN STRONG**
THEODORE A. MCCOMBS
JOHN D. ECHEVERRIA
DYLAN REDOR
MEGAN RICHARDS
Deputy Attorneys General
California Department of Justice
455 Golden Gate Avenue
San Francisco CA 94102
(415) 510-3877
meghan.strong@doj.ca.gov

s/ Peter N. Surdo
**PETER N. SURDO**
Special Assistant Attorney General
OLIVER LARSON
Manager, Environment and Natural Resources
Division
CATHERINE RIOS-KEATING
Special Assistant Attorney General
Minnesota Attorney General's Office
445 Minnesota Street, Suite 600
651-757-1061
peter.surdo@ag.state.mn.us

*Attorneys for California Infrastructure and
Economic Development Bank*

*Attorneys for Minnesota Climate Innovation
Finance Authority*

KWAME RAOUL
Attorney General of Illinois

AARON M. FREY
Attorney General of Maine

s/ Jason E. James
**JASON E. JAMES**
Assistant Attorney General
MATTHEW J. DUNN
Chief, Environmental
Enforcement/Asbestos Litigation Division
Office of the Attorney General of Illinois
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
(217) 843-0322
jason.james@ilag.gov

s/ Emma Akrawi
**EMMA AKRAWI**
SCOTT W. BOAK
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
Emma.Akrawi@maine.gov

*Attorneys for Efficiency Maine Trust*

*Attorneys for Illinois Finance Authority*

# CERTIFICATE OF SERVICE

Case Name:    ***California Infrastructure and Economic Development Bank, et al. v.
Citibank, N.A., et al.***

Case No.    **1:25-cv-00698**

I hereby certify that on <u>April 7, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## STATE GREEN BANK PLAINTIFFS' RESPONSE TO EPA'S NOTICE OF AUTHORITY

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 7, 2025</u>, at San Francisco, California.

|  |  |
|---|---|
| G. Pang | |
| Declarant | Signature |

SA2025301171/44578442.docx