## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CLIMATE UNITED FUND,**<br><br>               Plaintiff,<br>v.<br><br>**CITIBANK, N.A.,** *et al.*<br><br>            Defendants. | Case No. 1:25-cv-00698 (TSC) |
| **COALITION FOR GREEN CAPITAL,**<br><br>               Plaintiff,<br>v.<br><br>**CITIBANK, N.A.,** *et al.*<br><br>            Defendants. | Case No. 1:25-cv-00735 (TSC) |
| **POWER FORWARD COMMUNITIES, INC.,**<br><br>               Plaintiff,<br>v.<br><br>**CITIBANK, N.A.,** *et al.*<br><br>            Defendants. | Case No. 1:25-cv-00762 (TSC) |
| **CALIFORNIA INFRASTRUCTURE AND ECONOMIC DEVELOPMENT BANK,** *et al.*<br><br>               Plaintiffs,<br>v.<br><br>**CITIBANK, N.A.,** *et al.*<br><br>            Defendants. | Case No. 1:25-cv-00820 (TSC) |

## REPLY TO PLAINTIFFS' RESPONSES TO THE
## FEDERAL DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs' responses to the Federal Defendants notice of supplemental authority prove this lawsuit is a contract dispute over which the Court lacks jurisdiction.[1]  *See* Grantees' Resp. (ECF No. 64); Subgrantees' Resp. (ECF No. 66).  In attempting to distinguish this case from *Dep't of Education (DOE) v. California,* No. 24A910, 604 U.S. __, 2025 WL 1008354 (Sup. Ct., Apr. 4. 2025), Plaintiffs[2] emphasize the Financial Agent mechanism used by the Environmental Protection Agency (EPA) to disburse funds under the Grant Agreements.  *See* Grantees' Resp. at 1–2; Subgrantees' Resp. at 2–3.  But the use of a financial agent does not distinguish this case from *DOE v. California*, or from any other case where a plaintiff seeks payment under a grant agreement.  At bottom, Plaintiffs' claims to payment come from their Grant Agreements, just as in *DOE v. California*.  As the Supreme Court recognized, district courts lack jurisdiction to hear or enforce such contract-based claims, regardless of plaintiffs' efforts to mask their claims in alleged violations of constitutional, statutory, or regulatory law.  *See* U.S. Not. of Supp. Auth. at 1 (ECF No. 63) (citing *DOE v. California*, Resp. Opp. to App. at 22–23 (Mar. 28, 2025) (grantees arguing termination violated, *inter alia*, 2 C.F.R. § 200.340)).

---

[1] Federal Defendants Notice of Supplemental Authority complied, as a guide, with Federal Rule of Appellate Procedure 28(j), which limits a notice and any response to 350 words.  This Reply addresses the additional argumentation in Plaintiffs' responses attempting to distinguish *DOE v. California*.

[2] "Plaintiffs" are all plaintiffs in this consolidated lawsuit. "Grantees" are Climate United Fund, Coalition for Green Capital (CGC), and Power Forward Communities, Inc. (PFC). And "Subgrantees" are California Infrastructure and Economic Development Bank, Efficiency Maine Trust, Illinois Finance Authority, and Minnesota Climate Innovation Finance Authority.

First, the Grant Agreements define Plaintiffs' disbursement rights, including disbursements made through Citibank. In the Grant Agreements, each plaintiff agreed that their Citibank account could be used only "as Recipient's operating account for the award." Grant Agreement (GA), Dec. 2024, at 55–56 (Deposit Account at Financial Agent) (ECF No. 49-2 at 118–19). They also agreed to use funds only "under the conditions of the [Grant] Agreement . . . ." *Id.* at 54 (Program Income). Plaintiffs then agreed that they could only use funds for specified allowable activities in specified regions. *Id.* at 55 (Allowable and Unallowable Activities). To be allowable, the expense must be necessary "for the performance of the Federal award" and, significantly, '[c]onform to any limitations or exclusions set forth . . . in the Federal award." 2 C.F.R. § 200.403(a), (b). And financial obligations incurred after termination "are not allowable" unless expressly authorized by EPA. 2 C.F.R. §200.343. Simply put, Plaintiffs have no interest in their Citibank accounts apart from whatever rights to payment they have under their Grant Agreements.[3] As the Supreme Court acknowledged in *DOE v. California,* the district court lacks jurisdiction to enforce those contractual rights to payment.

Second, Plaintiffs' reliance on their Account Control Agreements (ACA) further demonstrates that their claims are contract claims for the payment of money. Under the ACA, for example, if a grantee wants to request a "Disbursement . . . to provide Financial Assistance," the disbursement must be for "Qualified Projects *as defined in the Grant Agreement*." ACA, Ex. B (ECF No. 49-2 at 141) (emphasis added). In requesting the

---

[3] The subgrantees claims are no different. The Grant Agreement requires that grantees flow down to the subgrantees all of the restrictions on disbursement we have described. GA at 51 (¶ AE. Flow-Down Requirements).

disbursement, the grantee must comply with the Grant Agreement's requirement that it certify to the EPA that "[t]he amount of this expenditure is necessary to execute against the EPA-approved workplan." *Id.*; GA at 56–58. The Grant Agreement incorporates the workplan: "The Recipient agrees to execute the workplan in effect under this Assistance Agreement. This document, once approved by the EPA, will reflect an agreement between the Parties and will be incorporated into and be a part of the agreement between the Recipient and the EPA." GA at 22 (Workplan and Budget). The grantee's certification is "a material representation for the purposes *of an EPA Financial Assistance Agreement* and knowing and willful false statements may be subject to prosecution under 18 U.S.C. 1001 and other applicable criminal, civil and administrative sanctions." ACA, Ex. B (emphasis added).[4]

Upon termination, there is no EPA-approved workplan and Plaintiffs have no contractual right to demand payments from the Citibank accounts. Instead, Plaintiffs are contractually obligated to return unobligated funds that have been provided and "that are not authorized to be retained." 2 C.F.R. § 200.344(e); *see also* 2 C.F.R. § 200.346 ("Any Federal funds paid to the recipient . . . in excess of the amount that the recipient . . . is determined to be entitled to under the Federal award constitute a debt to the Federal Government.")); GA at 41 (Termination) ("If EPA . . . terminates the Assistance Agreement, EPA must . . . de-obligate uncommitted funds"). Plaintiffs thus have no property interest in the funds in the Citibank accounts apart from their continued performance under the Grant Agreements. Plaintiffs' demand for payment from those

---

[4] Although the ACA provides no independent right to grant proceeds, to the extent Plaintiffs assert any independent rights under the ACA, those claims too sound in contract. The ACA is a three-way agreement between the grantee, EPA, and Citibank.

accounts again seeks to enforce a contractual obligation—no different than in *DOE v. California*—which the Court lacks jurisdiction to do.

Third, the Financial Agent Agreement (FAA, ECF No. 14-1 (sealed)) between Treasury and Citibank refutes Plaintiffs' efforts to distinguish *DOE v. California*.  The FAA recognizes Treasury's authority to terminate the Financial Agent in its "sole discretion."  FAA ¶ 23.  Once terminated, the FAA then acknowledges Treasury's option to transfer and perform the financial agent services itself, or to "shut down" the services. *Id.* at ¶ 2(C).  Rather than providing any independent claim to the Citibank accounts, the FAA provides the government with authority to end the entire financial agency arrangement at will and transfer the money back to Treasury.  This authority further demonstrates that the use of a financial agent does not alter Plaintiffs' claims to payment or provide them rights outside their Grant Agreements.  The Grant Agreements instead govern Plaintiffs' rights to payment, just as in *DOE v. California*.

Finally, plaintiffs cannot distinguish the Supreme Court's analysis of the balance of harms.  Just as in *DOE v. California*, plaintiffs here have not and cannot "refute the Government's representation that it is unlikely to recover the grant funds once they are disbursed."  *Id.* at *1.  Indeed, the potential harm to the government here is much greater than in *DOE v. California* because the amount at stake is so much larger—Plaintiffs here assert claims to $14 billion of GGRF grants, compared to $65 million at issue in *DOE v. California*. *See DOE v. California*, U.S. App. at 26 (Mar. 26, 2025).  Citibank had received $450 million in pending transfer requests as of March 6, 2025.  *See* Schindel Decl. Ex. E (ECF No. 16-2 at 169).  And Plaintiffs recently reiterated their demand that Citibank "take whatever steps are necessary to ensure that, following the Court's

decision, Citibank can *immediately* process all pending transactions." Ltrs. from Climate United, CGC, and PFC (attached as Exhibit A). Once disbursed, nothing secures EPA's ability to recover those vast sums. Rather than confronting this central harm to the government, Plaintiffs instead rely on their assertion that the funds already belong to them. *See* Grantees' Resp. at 4; Subgrantees' Resp. at 4. That contention, again, is disproved by the terms of the Grant Agreements, ACAs, and FAA, as described above. In the face of the Supreme Court's recent decision, the Court should not give Plaintiffs access to billions of dollars that EPA would have little ability to recover. On the other side of the balance, Plaintiffs can only repeat their speculative assertions that they may suffer if the money is transferred out of the Citibank accounts prior to final judgment. *See* Grantees' Resp. at 3–4; Subgrantees' Resp. at 3–4. That speculative financial harm does not suffice. *See* Opp. to Subgrantees' PI Mot at 18 (ECF No. 56).

Dated: April 9, 2025

Respectfully Submitted,

YAAKOV ROTH
Acting Assistant Attorney General

KIRK T. MANHARDT
Director

*/s/ Kevin P. VanLandingham*
MARC S. SACKS (Ga. Bar No. 621931)
*Deputy Director*
KEVIN P. VANLANDINGHAM (NY Reg No. 4741799)
*Assistant Director*
U.S. Department of Justice
Civil Division
Corporate/Financial Section
P.O. Box 875
Ben Franklin Stations
Washington D.C. 20044-0875
Tel: (202) 307-1134

5

Email: kevin.p.vanlandingham@usdoj.gov

*Attorneys for the United States*
*Environmental Protection Agency*