# EXHIBIT A

1099 NEW YORK AVENUE, NW SUITE 900 WASHINGTON, DC 20001-4412                    JENNER&BLOCK LLP

Adam Unikowsky
Tel +1 202 639 6041
Fax +1 202 661 4925
AUnikowsky@jenner.com

APRIL 3, 2025

K. Winn Allen, P.C.
Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Counsel:

    As you know, yesterday the District Court held a hearing on Plaintiffs' motion for a preliminary injunction. With the Temporary Restraining Order scheduled to dissolve by Tuesday April 8, 2025, we anticipate the Court will issue a preliminary injunction decision in short order. In the meantime, as discussed extensively at the hearing and in our briefs, Climate United and its subgrantees continue to suffer serious irreparable harm because they cannot access their grant funds held at Citibank.

    To remedy that ongoing harm as quickly as possible, Climate United requests that Citibank take all necessary steps *now* to prepare for the Court's likely issuance of a preliminary injunction. In particular, Citibank should take whatever steps are necessary to ensure that, following the Court's decision, Citibank can *immediately* process all pending transactions that have been submitted. For example, among other things, Citibank should:

- Liquidate money market funds, as needed, to facilitate disbursements and transfers;

- Prepare to process all pending requests for disbursements and transactions from Climate United and its subgrantees; and

- Secure any necessary approvals to allow Citibank to comply with the Court's order immediately upon issuance.

    As the Court made clear at the hearing, Climate United's request is fully consistent with the TRO currently in place. That Order provides that Citibank "is enjoined from moving or transferring grant funds to any party *other than* the account holders." Dkt. 13 (emphasis added). Accordingly, Citibank is permitted to take steps to ensure that it can promptly process pending disbursement instructions related to Climate United's grant funds, to mitigate further irreparable injury stemming from the freeze of those funds.

    As Citibank is in possession of all pending requests related to Climate United's grant funds, we assume Citibank requires no additional information to comply with this request. If however Citibank requires any additional information, please contact me immediately.

Sincerely,

/s/ Adam G. Unikowsky
Adam G. Unikowsky

# HOLWELL SHUSTER & GOLDBERG LLP

*425 Lexington Avenue*
*New York, New York 10017*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Vincent Levy*
*(646) 837-5120*
*vlevy@hsgllp.com*

April 4, 2025

VIA EMAIL

K. Winn Allen, P.C.
Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Re:   *Coalition for Green Capital v. Citibank, N.A., et al.*, Case No. 25-cv-735 (D.D.C.)

Dear Winn,

As you know, on Wednesday, April 2, 2025, the District Court held a hearing on Plaintiffs' preliminary-injunction motion. With the Court's TRO scheduled to dissolve on Tuesday April 8, we anticipate the Court will issue its preliminary-injunction decision soon. In the meantime, as discussed at the hearing and in briefing, CGC and its subgrantees continue to suffer serious irreparable harm because they cannot access funds held in their Accounts at Citibank.

To remedy that ongoing harm as quickly as possible, CGC requests that Citibank take all necessary steps *now* to prepare for the Court's likely issuance of a preliminary injunction. In particular, Citibank should take whatever steps are necessary to ensure that, following the Court's decision, Citibank can *immediately* process all pending requests and timely process all requests made subsequent to the Court's decision that are authorized by the following accountholders (*i.e.*, CGC and its nineteen subgrantees):

1. Coalition for Green Capital
2. California Infrastructure and Economic Development Bank
3. Colorado Clean Energy Fund
4. The Community Development Venture Capital Alliance
5. City First Enterprises, Inc.
6. Connecticut Green Bank
7. Efficiency Maine Trust
8. Elemental GG LLC
9. Green Finance Authority
10. ICLEI-Local Governments for Sustainability USA
11. Illinois Finance Authority
12. Montgomery County Green Bank
13. Michigan Saves
14. Minnesota Climate Innovation Finance Authority

2

15. Missouri State Environmental Improvement and Energy Resources Authority
16. New Jersey Green Bank
17. New York City Energy Efficiency Corporation
18. NY Green Bank
19. Ohio Air Quality Development Authority
20. Solar and Energy Loan Fund of St. Lucie County, Inc.

    As the Court made clear at the April 2 hearing, CGC's request is fully consistent with the TRO currently in place. That Order provides that Citibank "is enjoined from moving or transferring grant funds to any party *other than* the account holders." Dkt. 13 (emphasis added). Citibank should therefore ensure that it can promptly process disbursement instructions by CGC and its subgrantees to mitigate further irreparable injury stemming from the freeze.

                                       Sincerely,

                                         */s/ Vincent Levy*



155 Seaport Boulevard
Boston, MA 02210-2600

617-832-1000 main
617-832-7000 fax

Beth C. Neitzel
2022617325 direct
bneitzel@foleyhoag.com

April 7, 2025

**Via E-Mail**

K. Winn Allen, P.C.
Kirkland & Ellis LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004

   Re: *Power Forward Communities, Inc. v. Citibank, N.A. et al.*, No. 1:25-cv-762 (D.D.C.)

Mr. Allen:

  I write regarding the Court's expected order on Plaintiffs' motion for a preliminary injunction in *Climate United et al. v. Citibank et al*.  As you are aware from Plaintiffs' briefs and declarations, Plaintiff Power Forward Communities (PFC) and its Subgrantees have already incurred irreparable injury and face dire financial straits due to Citibank's unlawful suspension of their accounts containing NCIF grant funds more than seven weeks ago.  *See* Dkt. 33 (Declarations of Tim Mayopoulos, Shaun Donovan, John Moon, and Ari Matusiak).

  With the Court's order expected by April 8, and to mitigate further harm to PFC and its Subgrantees, PFC asks that Citibank take all necessary steps to prepare for the Court's anticipated order restoring Plaintiffs' access to their accounts.  Specifically, Citibank should ensure that it is prepared to process all disbursement and transfer instructions submitted by PFC and its Subgrantees—Enterprise Green Accelerator, Inc., LISC Green LLC, and Rewiring Community Investment Fund, Inc.—*immediately* upon the order's release.  In PFC's current predicament, a single day's delay is unacceptable and will cause further harm.

  As the Court confirmed at the hearing held on April 2, this request is entirely consistent with the TRO currently in place, and it is likely mandatory under the impending order.  If Citibank requires any additional information to comply with this request, please contact me immediately.

K. Winn Allen, P.C.
Page 2

        Sincerely,

        /s/ *Beth Neitzel*
        Beth C. Neitzel
        FOLEY HOAG LLP
        155 Seaport Boulevard
        Boston, MA 02210
        Tel: 617-832-1000
        bneitzel@foleyhoag.com

        *Counsel for Power Forward Communities, Inc.*