Mail Room
APR - 9 2025
Angela D. Caesar, Clerk of Court
U.S. District Court District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CLIMATE UNITED FUND, ET AL.,** | |
| **Plaintiffs,** | Consolidated Case No: |
| v. | **1:25-cv-00698 (TSC)** |
| **CITIBANK, N.A., ET AL.** | Case No: |
| **Defendants.** | **1:25-cv-00820** |

## MOTION TO INTERVENE AS A DEFENDANT

Tarek Farag (hereinafter **Farag**) (**pro se**), states the following under oath:

1- Farag was going to intervene in case No: 1:25-cv-00820 filed 3/19/25, after he knew about it around 3/24/25, he immediately started preparing his motion to intervene. The Court consolidated it with other similar cases, hence, his intervention could apply to the other cases.

2- Farag didn't confer with the Plaintiffs about his intervention due to the urgency and his belief that they must oppose it. However, he called Mr. Marc Sacks (attorney for DOJ), on 3/26/25 at 12:29 PM, on his phone number: 202-307-1104, to offer him the information to support the EPA's position and avoid intervening in the case. However, Mr. Sacks was not interested, indicating that the government lawyers will not expose the huge fraud involved in the Billions at stake.

3- Upon the information Farag collected during his long research on the claims that "burning fossil fuel could cause harmful global warming" (hereinafter a **Hoax**), he believes that there is an International Criminal Enterprise that use the Hoax to enrich themselves, and sometimes just to cause destruction. It includes politicians, officials, lawyers, judges, business people, etc.

4- The dollars disputed are **$27 billion** (not million) that can spoil most people, and **once these billions are distributed, they will be gone forever**. The plaintiffs claim "*EPA can terminate a grant only if the grantee violates the grant's terms and conditions, engages in certain illegal*

1

interest.

Under the first scenario, Farag has unconditional right to intervene to protect the public interests in those billions of dollars; in addition, without his intervention those billions will be lost forever. Under the second scenario, a petitioner must meet four criteria to intervene as of right: "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." Reich v. ABC/York-Estes Corp.,64 F.3d 316, 321 (7th Cir. 1995). Consistent with all other federal courts of appeal, the Ninth Circuit applies this test broadly in favor of intervention:

> ***"A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court".*** [ United States v. City of L.A., Cal., 288 F.3d 391, 397-98 (9th Cir. 2002)].

Thus, courts assess a motion to intervene "primarily by practical considerations, not technical distinctions." [Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001)]. As discussed below, Farag meets each of the requirements for intervention as of right.

**(1) Farag's motion to intervene is timely.** Case No: 1:25-cv-820 was filed on 3/19/25, and Farag (pro se) knew about it 3/24/25, and it was consolidated with other cases on 3/25/25, and he tried to finish preparing his motion on Friday 3/28/25, which is practically "instantaneous".

**(2) Farag has an interest relating to the subject matter of the action**. The interest requirement of Rule 24(a) is "*primarily a practical guide to disposing of lawsuits by <u>involving as many apparently concerned persons</u> as is compatible with efficiency and due process.*"[ Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967); see Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173, 1179 (9th Cir. 2011)]. Accordingly, no specific legal or equitable interest need be established for the Rule 24 test to be satisfied. Because those billions are Farag's money, not the

3

> *(3) whether the would-be intervener would offer any necessary elements to the proceedings that other parties would neglect.*[ Citizens for Balanced Use, 647 F.3d at 898; Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972); Sw. Ctr. for Biological Diversity, 268 F.3d at 823; Nuesse, 385 F.2d at 703].

Farag's interest is to **completely eliminate his payments to enforce the Hoax and those billions**. Citibank is interested in following the banking rules. **The EPA's lawyers** are pursuing a dangerous direction as shown in their opposition in case 1:25-cv-698 [Doc 16, pg 8, 9, 22]. Instead of attacking the fraud, which is the root of the problem as Mr. Zelden stated, **they are opening a window for the plaintiffs to snatch those billions, and more, and fly with them.** They are **weakening** the position of the EPA as if it is interested only in **having control.** This is also evident from Mr. Sacks refusal to receive Farag's evidence to prove the fraud. **They** even assert the right of the plaintiffs to get those billions, which would help the **plaintiffs prove that they could succeed on the merits**. Here are some statements of the EPA's lawyers: *"EPA explained that the existing grants lacked adequate controls and should be **re-awarded** under new agreements that ensure the EPA retains adequate oversight"*, *"EPA has announced that it **intends to redeploy that money** consistent with Congress's authorization"*, *"EPA has concluded that the existing regime provides inadequate oversight and controls"*, and "EPA's directive to Citibank was not a final agency action". Farag is wondering if the named EPA's Attorneys: Yaakov Roth, Marc S. Sacks, Kirk T. Manhardt, and Kevin P. Vanlandingham, all agreed on the stated statements!

## 8- ALTERNATIVELY, FARAG IS ENTITLED TO PERMISSIVE INTERVENTION.

As with intervention as of right, permissive intervention is construed liberally in favor of the moving party [ City of L.A., 288 F.3d at 397–98]. Permissive intervention should be allowed under Fed. R. Civ. P. 24(b) as long as the applicant for intervention establishes that *"(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."*[Donnelly, 159 F.3d at 412]. Under this standard, neither the inadequacy of representation nor a direct interest in the subject

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CLIMATE UNITED FUND, ET AL.,** | |
| Plaintiffs, | Consolidated Case No: |
| v. | **1:25-cv-00698 (TSC)** |
| **CITIBANK, N.A., ET AL.** | Case No: |
| Defendants. | **1:25-cv-00820** |

### FARAG'S PLEADINGS TO ACCOMPANY HIS MOTION TO INTERVENE

The movant Tarek Farag, pro se (hereinafter Farag), states the following:

1- Farag is in complete agreement with the current EPA's Director Mr. Lee Zeldin's findings that the billions in dispute are the result of **fraud, waste, and abuse**. Mr. Zelden didn't get the time to collect enough evidence to criminally prosecute the perpetrators, and was right to refer the investigations to the DOJ and the FBI. However, Farag has already the required evidence that the previous administration **refused to act upon**, and he is fulfilling his duties to protect the public's interest by presenting them and intervening.

2- The Congress allocated those billion based on a big lie (Hoax) that "burning fossil fuel is causing harmful global warming", and wrongfully characterizing $CO_2$ as a pollutant, which **were disputed** by two distinguished professors in their testimonies before Congress **April 2022**.

3- During his research, Farag submitted a FOIA request to the EPA [Tracking Number EPA-2022-001766, Requester Name Dr. TAREK FARAG, Submitted Date 01/05/2022], requesting the following (the format is exactly the same):

> "Please provide all the SCIENTIFIC: data, reports, analysis, experiments, studies, etc. that show the GOOD and BAD effects of the: "MAN-MADE-CLIMATE-CHANGES", and support its existence or its future existence, according to which the agency and the US government concluded and/or recommended and/or ACTED and/or joined national or international organizations to COMBAT this man-made climate changes.
> Note: Most of the requested materials could be in electronic format, I accept its delivery by

7

*warming in the future*". There is no basis for their statement of "<u>more confident</u>" since it did not specify the magnitude or the direction of their predicted changes and the statement by itself is not scientific because there is always uncertainty.



**Fig 1- IPCC's schematic representation of the global mean energy budget of the Earth**



**Fig 2- IPCC's schematic representation of the global mean energy budget of the Earth without considerations of cloud effects**

**8-** IPCC is showing two diagrams in page 934 (shown above as Fig 1 and Fig 2) that represent gross scientific errors:

**8-1** The Earth's surface in "All Sky" receives 160 W/m2 of the Sun's energy while

9

average of 79.5%. This means that increasing CO2 to 800 ppm would make the plants store an additional 79.5% of energy, i.e., 0.53 W/m2 (0.795 x 0.668 = 0.53), which would cool the Earth's surface with a total amount of 1.198 W/m2. However, if we assume that sea plants (planktons) will have growth similar to land plants of an average 79.5%, and the entire water surface is occupied with sea plants, we get an energy storage of 5.11 W/m2 (0.045 efficiency x 0.71 water area x 160 = 5.11). Increasing CO2 to 800 ppm, would give us additional storage of 4.06 W/m2 (5.11 x .795). Adding land and water extra storage; we get 4.73 W/m2. This would reduce the temperature by storing those extra Sun's energy, like a battery, instead of letting those energies become heat.

**13-** As Einstein said, "If you can't explain it to a six-year-old, you don't understand it yourself", Farag is stating some facts here so that a six-year-old can understand that the Hoax is a hoax:

    **a.** Increasing CO2 in the atmosphere will result in absorbing the IR radiated from the earth in a shorter distance, not increase the amount of energy radiated/absorbed, especially if we assume that CO2 is a strong absorber. This is similar to the visible distance when driving at night with little fog, using car light, when the fog increases the visible distance will decrease, due to the increase in its absorption, not the energy of the car light will increases.

    **b.** One molecule of water vapor absorbs IR energy much more than one molecule of CO2. For each CO2 molecule, there are about 2500 molecules of other gasses, including water that could be about 1000. If you have 1000 gm of sugar with 1 gm of salt, is adding additional 1 gm of salt can change the taste? Similarly, doubling CO2 would have negligible effect.

    **c.** NASA and IPCC are lying when they say that the Earth's surface receives about 160 W/m2, but emits about 400 W/m2. Can I give you every morning $160 and you give me every night $398? When you expose your hand at night to the radiation coming from the

11

## CERTIFICATE OF SERVICE

I certify that on 3/31/2025, I served the foregoing pleadings of Tarek Farag, by email to the listed emails attached, and relying on the Court Clerk to file the pleadings and serve all the parties on record electronically.

Respectfully submitted,

TAREK FARAG, pro se.
411 N Warwick Ave, Westmont, IL 60559
Phone: 630 709 3965
Email: tarekfarag@comcast.net

List of Emails served:
marcus.s.sacks@usdoj.gov, vlevy@hsgllp.com, bneitzel@foleyhoag.com, jcsmith@foleyhoag.com, kchen@foleyhoag.com, ncshaw@foleyhoag.com, jgross@foleyhoag.com, aunikowsky@jenner.com, ggillett@jenner.com sdecarvalho@jenner.com, adouglis@jenner.com, meghan.strong@doj.ca.gov, peter.surdo@ag.state.mn.us, jason.james@ilag.gov, Emma.Akrawi@maine.gov

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true and correct.

Dated: March 31, 2025

Signed: TAREK FARAG, pro se.

411 N Warwick Ave, Westmont, IL 60559
Phone: 630 709 3965
Email: tarekfarag@comcast.net