**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CLIMATE UNITED FUND,**<br><br>Plaintiff,<br>v.<br><br>**CITIBANK, N.A.,** *et al.*,<br><br>Defendants. | Civil No. 25-cv-698 (and consolidated cases) |
| **COALITION FOR GREEN CAPITAL,**<br><br>Plaintiff,<br>v.<br><br>**CITIBANK, N.A.,** *et al.*,<br><br>Defendants. | |
| **POWER FORWARD COMMUNITIES, INC.**<br><br>Plaintiff,<br>v.<br><br>**CITIBANK, N.A.,** *et al.*,<br><br>Defendants. | |
| **CALIFORNIA INFRASTRUCTURE & ECONOMIC DEVELOPMENT BANK,** *et al.*,<br><br>Plaintiffs,<br>v.<br><br>**CITIBANK, N.A.,** *et al.*,<br><br>Defendants. | |

**STATE GREEN BANK PLAINTIFFS'**
**OPPOSITION TO TAREK FARAG'S MOTION TO INTERVENE**

Introduction ..........5
Argument ..........5
I. The Proposed Intervenor Lacks Article III Standing. ..........6
II. Intervention Under Federal Rule of Civil Procedure 24(a). ..........7
A. Timeliness ..........8
B. Proposed Intervenor does not claim an interest relating to the property or transaction which is the subject of the action. ..........8
C. The disposition of the action does not, as a practical matter, impede Proposed Intervenor's ability to protect his interest. ..........9
D. Applicant's interest is adequately represented by the existing parties. ..........9
III. Permissive Intervention ..........9
Conclusion ..........11

**CASES**

*Concerned Household Elec. Consumers Council v. EPA*
No. 22-1139, 2023 WL 3643436 (D.C. Cir. May 25, 2023) ....................................................7

*Crossroads Grassroots Policy Strategies v. Fed'l Elec. Comm'n*
788 F.3d 312 (D.C. Cir. 2015)....................................................................................6, 7

**DaimlerChrysler Corp. v. Cuno*
547 U.S. 332 (2006)..........................................................................................................7

*Deus v. Allstate Ins. Co.*
15 F.3d 506 (5th Cir.1994) ..............................................................................................11

*Deutsche Bank National Trust Co. v. Federal Deposit Insurance Corp.*
717 F.3d 189, 193 (D.C. Cir. 2013)...................................................................................7

*Envt'l Def. v. Leavitt*
329 F. Supp. 2d 55 (D. D.C. 2004)....................................................................................6

**Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc.*
146 F.3d 1042 (D.C.Cir. 1998)...............................................................................9, 10, 11

**Fund for Animals, Inc. v. Norton*
322 F.3d 728 (D.C. Cir. 2003)...............................................................................5, 6, 7, 9

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992)..........................................................................................................6

*Nuesse v. Camp*
385 F.2d 694 (D.C. Cir. 1967)...........................................................................................8

*Roane v. Gonzales*
269 F.R.D. 1 (D.D.C. 2010)..............................................................................................8

*Roeder v. Islamic Republic of Iran*
333 F.3d 228 (D.C. Cir. 2003)...........................................................................................6

*United States v. Am. Tel. & Tel. Co.*
642 F.2d 1285 (D.C. Cir. 1980).........................................................................................8

*Yoha Dehe v. United States Dep't of the Interior*
3 F.4th 427 (D.C. Cir. 2021)..............................................................................................6

**CONSTITUTIONAL PROVISIONS**

Article III ..................................................................................................................5, 6, 10

**COURT RULES**

Fed. R. Civ. P. 24 ........................................ 5, 6, 11

Fed. R. Civ. P. 24(A) ........................................ 7

Fed. R. Civ. P. 24(a)(1) ........................................ 5, 7

Fed. R. Civ. P. 24(a)(2) ........................................ 5, 7, 8

Fed. R. Civ. P. 24(b) ........................................ 6, 10

Fed. R. Civ. P. 24(b)(1) ........................................ 9

Fed. R. Civ. P. 24(b)(2) ........................................ 6, 10

## INTRODUCTION

Plaintiffs California Infrastructure and Economic Development Bank, Efficiency Maine Trust, Illinois Finance Authority, and Minnesota Climate Innovation Finance Authority (together, State Green Banks) hereby oppose the motion to intervene by Tarek Farag (pro se) (ECF 72) (hereinafter "the motion").

Whether analyzed under the Rule 24 standard for intervention as of right or permissive intervention, the motion falls short. At the threshold, Tarek Farag (hereinafter "Proposed Intervenor") must establish Article III standing for intervention under either standard. Proposed Intervenor fails to do this.

Proposed Intervenor may not intervene as of right because he has not shown an interest relating to the property or transaction that is the subject of the action. Instead, his most direct interest is in not paying taxes or utility fees that he attributes to climate science broadly, which he believes is a hoax. This lawsuit will not impede his ability to pursue claims related to this interest elsewhere.

Proposed Intervenor also fails to show that he qualifies for permissive intervention. The motion reveals no independent subject matter jurisdiction for his claims. He also presents no question of fact or law in common with the claims already involved in the case. Accordingly, the motion to intervene should be denied.

## ARGUMENT

Intervention as a matter of right should be granted when a federal statute gives the proposed intervenor an unconditional right to intervene by statute. Fed. R. Civ. P. 24(a)(1). Alternatively, a proposed intervenor must demonstrate:

> (1) the timeliness of the motion; (2) that the applicant "claims an interest relating to the property or transaction which is the subject of the action"; (3) that the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) that "the applicant's interest is [not] adequately represented by existing parties."

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003); Fed. R. Civ. P. 24(a)(2).

Rule 24(b) sets forth the standard for permissive intervention. "If a federal statute does not confer a conditional right to intervene, Rule 24(b)(2) requires a would-be intervenor to present '(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action.'" *Envt'l Def. v. Leavitt*, 329 F. Supp. 2d 55, 66 (D. D.C. 2004) (citing *Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc.,* 146 F.3d 1042, 1046 (D.C.Cir. 1998)).

Additionally, a proposed intervenor under Rule 24 must demonstrate Article III standing. *Yoha Dehe v. United States Dep't of the Interior*, 3 F.4th 427 (D.C. Cir. 2021); *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233-234 (D.C. Cir. 2003).

## I. THE PROPOSED INTERVENOR LACKS ARTICLE III STANDING.

The Proposed Intervenor's motion should be denied because he lacks standing to intervene in this case. "[W]here a party tries to intervene as another defendant, [courts] have required it to demonstrate Article III standing, reasoning that otherwise 'any organization or individual with only a philosophic identification with a defendant---or a concern with a possible unfavorable precedent---could attempt to intervene and influence the course of litigation." *Crossroads Grassroots Policy Strategies v. Fed'l Elec. Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015) (internal quotations and citation omitted). As with other litigants, to meet Article III standing requirements, a proposed intervenor must establish (1) injury-in-fact, (2) causation, and (3) redressability. *Fund for Animals*, 322 F.3d at 732-33; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Proposed Intervenor has at best a philosophic identification with the defendant and has shown no injury-in-fact related to the nucleus of facts in this case. Accordingly, he fails to meet Article III standing requirements.

Proposed Intervenor shows no injury. He states that he has an interest in this case because the funds at stake are his money. Mot., ECF 72, at 3-4. This purported interest stems from being a taxpayer and his desire to not pay additional fees or higher prices to fund clean energy, as illustrated by his electric bill. Mot., ECF 72, at 4. But taxpayer standing of the type that the applicant alleges does not establish a "concrete and particularized" injury sufficient to invoke

federal jurisdiction. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 345 (2006) (citation omitted); *see also Concerned Household Elec. Consumers Council v. EPA*, No. 22-1139, 2023 WL 3643436, at *2 (D.C. Cir. May 25, 2023) (dismissing challenge to climate science for lack of standing based on paying electricity bills). As the Supreme Court has noted, "'interests of a taxpayer in the moneys of the federal treasury are too indeterminable, remote, uncertain and indirect' to support standing to challenge 'their manner of expenditure.'" *Id.* Nor does Plaintiff identify how the relief requested in this case could cause any future injury to Proposed Intervenor. *Cf. Crossroads Grassroots Policy Strategies*, 788 F.3d at 317-18.

Proposed Intervenor also fails to meet the "causation" prong of standing analysis. Plaintiffs' win or loss in this case would not impact any of his stated interests. His asserted general interest in proving that climate change is a "hoax" is also far too attenuated. Even if he were to prove this (and this is not one of the legal issues currently before the Court), it would not directly affect any of his concrete interests. *See Deutsche Bank Nat'l Trust Co. v. F.D.I.C.*, 717 F.3d 189, 193 (D.C. Cir. 2013) (potential intervenor-defendant's claim of injury too attenuated to constitute injury because the intervenor's interest would only be at stake if the court reached a particular legal conclusion).

Relatedly, the remedy Proposed Intervenor seeks would not redress his injuries. Proposed Intervenor claims that "[t]he impact of these cases, goes *far beyond its parties*, and could legalize the illegal." Mot., ECF 72, at 4 (emphasis in original). As an example, he points to the fees on his utilities bill. *Id.* However, for the outcome of this case to have any impact on Proposed Intervenor's interests, intervening actors would need to take several additional actions that would not be controlled by this lawsuit. Accordingly, Proposed Intervenor has failed to show how this Court could enter any relief to redress his articulated injuries.

## II. INTERVENTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(A).

Although Proposed Intervenor claims to have an unconditional right to intervene under Rule 24(a)(1), he does not cite any statute or other authority for this position. Accordingly, the Court should analyze his motion to intervene using the factors set forth in Rule 24(a)(2). *Fund*

*for Animals*, 322 F.3d at 731. The Court should deny the motion to intervene because although the application is timely, it fails to demonstrate any legally recognized interest in the property or transactions that are the subject of his case, and as a practical matter, this case would not impede any of the Proposed Intervenor's interests. Fed. R. Civ. P. 24(a)(2).

### A. Timeliness

Plaintiff State Green Banks do not contest the timeliness of the motion to intervene.

### B. Proposed Intervenor does not claim an interest relating to the property or transaction which is the subject of the action.

To intervene, an applicant must have an interest that relates to the subject of an action. An intervenor satisfies this prerequisite "not [by] any interest the applicant can put forward, but only [by] a legally protectable one." *Roane v. Gonzales*, 269 F.R.D. 1, 3 (D.D.C. 2010) (internal quotation marks and citation omitted). A legally protectable interest is "of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1291–92 (D.C. Cir. 1980). Proposed Intervenor has no interest in the property or transaction that is the subject of the action: He has no property interest in the funds held in the Citibank accounts at issue, he has no protectible interest in EPA's actions against the program or funds at issue in this case, the projects that will be funded by them, or the Greenhouse Gas Reduction Fund.

Proposed Intervenor quotes *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967), for the proposition that courts should allow "as many apparently concerned persons [to intervene] as is compatible with efficiency and due process." Mot., ECF 72, at 3. The intervenor in *Nuesse* was a state bank regulator who moved to intervene because he wanted to "appear as a party to urge the construction of the federal statute that he claims is necessary to secure the state's interests." *Id.* at 701. Here, although the applicant claims scientific expertise in matters that be believes are related to this lawsuit, he asserts no interest in any legal matter that would actually be affected, even indirectly, by the legal claims likely to be addressed by this lawsuit. Accordingly, the application fails to show a sufficient interest to intervene in this matter.

### C. The disposition of the action does not, as a practical matter, impede Proposed Intervenor's ability to protect his interest.

The application also fails to show that the case will interfere with Proposed Intervenor's ability to protect his interests. In assessing whether an applicant's interests may be impaired by the outcome of a lawsuit, courts look to the "practical consequences of denying intervention, even where the possibility of future challenge to the regulation remain[s] available." *Fund for Animals*, 322 F.3d at 735 (cleaned up). Here, Proposed Intervenor does not have any specific interest in defending Federal Defendants or Citibank against Plaintiffs' challenge, nor will he be harmed by the Plaintiffs having access to their grant funds to complete their projects.

Instead, Proposed Intervenor's specific interest is in demonstrating that climate change is a hoax, invalidating all orders and laws that rely on it, and "to stop paying money to enforce the Hoax." Mot., ECF 72, at 4. His requested relief is for this Court to "(1) Declare that the claims that burning fossil fuel generating CO2 could cause global warming have no scientific basis" and "(2) Invalidate all administrative orders, laws, subsidiaries, etc. to combat Man-Made-Global-Warming, or promote Zero-Carbon emission that are not based on solid science." Proposed Pleadings, ECF 72, ¶ 15. The foundational science of climate change and all administrative orders and laws related to it are not subjects of this litigation. As a result, the outcome of this case will not impact Proposed Intervenor's ability to pursue his claims in a different lawsuit.

### D. Applicant's interest is adequately represented by the existing parties.

Proposed Intervenor has no legally cognizable interest in the property or transaction that is the subject of this litigation, and disposition of this action will not impede his ability to protect his interests as a practical matter. Accordingly, he has no greater interest in this litigation than any other person, and his interests will be adequately represented by the existing parties.

## III. PERMISSIVE INTERVENTION

Where an applicant fails to satisfy the conditions for intervention as of right, the Court may grant a timely motion to an applicant intervenor who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The applicant must also show an independent ground for subject matter jurisdiction. *E.E.O.C. v. Nat'l Children's Ctr.,*

*Inc.,* 146 F.3d 1042, 1046 (D.C.Cir.1998)). In exercising its discretion to determine whether to allow permissive intervention, the Court should consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). Ultimately, even if a would-be intervenor has established the factors to consider for permissive intervention, it is within the court's discretion whether to grant permission to intervene. *Nat'l Children's Ctr.*, 146 F.3d at 1048.

Proposed Intervenor fails to point to any statute conferring upon him an individual right to intervene. Accordingly, for the Court to grant the applicant permissive intervention, he must first satisfy the three-factor test set forth in Rule 24(b)(2). Although the motion to intervene is timely, Proposed Intervenor fails to meet the necessary conditions in the other two factors.

As to the first factor, Proposed Intervenor does not identify an independent basis for subject matter jurisdiction. His pleadings ask this Court to "[i]nvalidate all administrative orders, laws, subsidiaries, etc. to combat Man-Made-Global-Warming, or promote Zero-Carbon emission, that are not based on solid science." Proposed Pleading, ECF 72, ¶ 15. But the proposed pleadings contain no citations to violations of federal law, or any law for that matter. Instead, the pleadings almost entirely contain a summary of the proposed presentation that he would offer, ostensibly as an expert in the case. Proposed Pleadings, ECF 72, ¶¶ 3-13. As the applicant has not shown any independent basis for this Court's subject matter jurisdiction over his claims and he lacks Article III standing (*supra*, at pp. 6-7), the first factor for permissive intervention is not met.

As to the third factor, Proposed Intervenor does not present a claim that has a question of law or fact in common with the main action. Proposed Intervenor claims that he "shares a common question of fact 'burning fossil fuel does not cause global warning,' which is the basis for the fraudulent allocation of [the grant awards in this case]." Mot., ECF 72, at 6. But this is not one of the questions presented by this case. Neither Federal Defendants nor Citibank have indicated that they will defend this case by attempting to prove climate change a "hoax." *See* Fed. Def.'s Opp. to Mot. for Preliminary Injunction, ECF 49, at 8-20; Citibank's Response to

Mot. for Preliminary Injunction, ECF 48, at 12-16. *See also Deus v. Allstate Ins. Co.,* 15 F.3d 506, 525 (5th Cir.1994) ("The intervention rule is . . . not intended to allow the creation of whole new lawsuits by the intervenors.").

Even if the above factors for permissive intervention were met, the Court would be well within its discretion to deny intervention here. *Nat'l Children's Ctr.*, 146 F.3d 1046, 1048 (describing permissive intervention as an "inherently discretionary enterprise. As Proposed Intervenor's proposed pleadings make clear, the actual role he seeks is not intervenor-defendant, but instead expert witness. Intervention under Rule 24 is not the appropriate method for obtaining that role. Furthermore, it would prejudice the parties and delay the proceedings to allow him entry into this case to provide testimony where the testimony is not relevant to the current issues before the case and has not been introduced by any litigating party.

## CONCLUSION

For the above reasons, the Court should deny the motion to intervene.

Date: April 14, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

/s/ Megan Richards
**MEGHAN STRONG**
THEODORE A. MCCOMBS
JOHN D. ECHEVERRIA
DYLAN REDOR
MEGAN RICHARDS
Deputy Attorneys General
California Department of Justice
455 Golden Gate Avenue
San Francisco CA 94102
(415) 510-3877
meghan.strong@doj.ca.gov

*Attorneys for California Infrastructure and Economic Development Bank*

KEITH ELLISON
Minnesota Attorney General

/s/ Catherine Rios-Keating
**PETER N. SURDO**
Special Assistant Attorney General
OLIVER LARSON
Manager, Environment and Natural Resources Division
CATHERINE RIOS-KEATING
Special Assistant Attorney General
Minnesota Attorney General's Office
445 Minnesota Street, Suite 600
651-757-1061
peter.surdo@ag.state.mn.us

*Attorneys for Minnesota Climate Innovation Finance Authority*

KWAME RAOUL
Attorney General of Illinois

/s/ Jason E. James
**JASON E. JAMES**
Assistant Attorney General
MATTHEW J. DUNN
Chief, Environmental
Enforcement/Asbestos Litigation Division
Office of the Attorney General of Illinois
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
(217) 843-0322
jason.james@ilag.gov

*Attorneys for Illinois Finance Authority*

AARON M. FREY
Attorney General of Maine

/s/ Emma Akrawi
**EMMA AKRAWI**
SCOTT W. BOAK
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
Emma.Akrawi@maine.gov

*Attorneys for Efficiency Maine Trust*

## CERTIFICATE OF SERVICE

Case Name: ***CLIMATE UNITED FUND, et al. v. CITIBANK, N.A., et al.*** No. **25-cv-698 (and consolidated cases)**

I hereby certify that on April 14, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE GREEN BANK PLAINTIFFS'**

**OPPOSITION TO TERREX FARGO'S MOTION TO INTERVENE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct, and that this declaration was executed on April 14, 2025, at Fairfield, California.

| Shontane Adams | Shontane Adams |
|---|---|
| Declarant | Signature |

SA2025301171
91979712.docx