IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CLIMATE UNITED FUND,**<br><br>                  Plaintiff,<br>  v.<br><br>**CITIBANK, N.A.,** *et al.*,<br><br>                  Defendants. | Civil No. 25-cv-698 (and consolidated cases) |
| **COALITION FOR GREEN CAPITAL,**<br><br>                  Plaintiff,<br>  v.<br><br>**CITIBANK, N.A.,** *et al.*,<br><br>                  Defendants. | |
| **POWER FORWARD COMMUNITIES, INC.**<br><br>                  Plaintiff,<br>  v.<br><br>**CITIBANK, N.A.,** *et al.*,<br><br>                  Defendants. | |
| **CALIFORNIA INFRASTRUCTURE & ECONOMIC DEVELOPMENT BANK,** *et al.*,<br><br>                  Plaintiffs,<br>  v.<br><br>**CITIBANK, N.A.,** *et al.*,<br><br>                  Defendants. | |

**STATE GREEN BANK PLAINTIFFS'
<u>OPPOSITION TO EPA'S CONTINGENT EMERGENCY MOTION FOR STAY
PENDING APPEAL</u>**

Mere hours before the Court was expected to rule on Plaintiffs' motions for preliminary injunction, and with no prior notice to Plaintiffs, EPA took the highly unusual step of filing a "contingent" emergency motion to stay pending appeal—despite having the opportunity to request a stay as part of their original opposition or at any time in the nearly two weeks since the Supreme Court issued its order in *Department of Education v. California*. State Green Bank Plaintiffs hereby respond to that motion but note that the motion itself contains no explanation of why it could not have been filed earlier, nor why Plaintiffs were given no notice. State Green Banks further incorporate by reference the arguments they have already made on these issues in their past briefing. *See* ECF No. 66 (State Green Bank Pls.' Resp. to EPA's Not. of Authority); Case No. 25-cv-820, ECF No. 17 (State Green Bank Pls.' Mot. for Prelim. Inj.). State Green Banks also do not oppose the extension of the TRO by one day and note, in response to EPA's opposition to that extension, ECF No. 76, that such an extension was necessitated by EPA's own late-breaking motion.

In any event, EPA's contingent emergency motion does not add anything of substance to the briefing already before this Court. EPA offers no new arguments on the merits, nor any justification that would entitle it to the "extraordinary remedy" of a stay pending appeal. If the Court issues a preliminary injunction, EPA may appeal that order in the ordinary course, as is its right, but there is no reason for this Court to stay its own order pending that appeal.

Contrary to EPA's claims, this Court has jurisdiction over Plaintiffs' claims in this action, and the Supreme Court's *per curiam* order in *Department of Education v. California* (*DOE*), 145 S. Ct. 966 (2025) does not change that. State Green Bank Plaintiffs' claims are not founded in contract. Rather, the source of Plaintiffs' rights is the Constitution, the Inflation Reduction Act, the Administrative Procedure Act (APA), and federal regulations. And the fact that part of one

2

of their claims may require the Court to examine a grant agreement does not defeat this Court's jurisdiction over their claims. The Supreme Court's order in *DOE*, which was not a determination on the merits of any claim or issue and was issued based on abbreviated briefing, held only that a TRO should be stayed pending appeal based on the particular facts in *DOE*. For the reasons already explained in State Green Banks' prior submission on this issue, *DOE* is distinguishable from this case. Nor do any of EPA's other arguments support a stay pending appeal. The Court should deny EPA's last-minute motion and issue its order on the motions for preliminary injunction.

## LEGAL STANDARD

"In the D.C. Circuit, a court assesses four factors when considering a motion to stay an injunction pending appeal: (1) the moving party's likelihood of success on the merits of its appeal, (2) whether the moving party will suffer irreparable injury, (3) whether issuance of the stay would substantially harm other parties in the proceeding, and (4) the public interest." *Akiachak Native Cmty. v. Jewell*, 995 F. Supp. 2d 7, 12 (D.D.C. 2014) (citing *Wash. Met. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)). "[I]t is the movant's obligation to justify the court's exercise of such an extraordinary remedy." *Id.* (quoting *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985)).

## ARGUMENT

I.  **EPA HAS FAILED TO SHOW THAT IT IS LIKELY TO PREVAIL ON APPEAL**

EPA has not demonstrated that it is likely to prevail on appeal in the eventa preliminary injunction is entered in Plaintiffs' favor. To the contrary, Plaintiffs are likely to prevail in any such appeal. The likelihood of Plaintiffs' success on the merits has already been briefed extensively. State Green Banks therefore do not set forth the same arguments in full again here

3

and instead respond briefly to this issue in context of EPA's new motion for a stay.

*First*, this Court has jurisdiction over Plaintiffs' claims, and *DOE* does not hold otherwise. Plaintiffs' claims arise out of the Constitution, the Inflation Reduction Act, the APA, and federal regulations, and, at their core, seek to enjoin EPA's unlawful attempt to subvert and dismantle the Greenhouse Gas Reduction Fund, in contravention of Congress's stated intent and prior appropriation of these funds. Although Plaintiffs' success on the merits would allow them to resume spending money they received pursuant to grant agreements, the Supreme Court affirmed in *DOE* that "a district court's jurisdiction 'is not barred by the possibility' that an order setting aside an agency's action may result in the disbursement of funds." 145 S. Ct. at 968 (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 910 (1988)). And in any event, as Plaintiffs explained in their response to EPA's Notice of Authority, they are not seeking an order requiring the government to disburse funds to them because the government has *already* disbursed funds to them. Similarly, they are not seeking "to enforce a contractual obligation to pay money," *see id.*, or seeking to require EPA to "specifically perform any contractual obligation," ECF No. 75 at 9, because the government has *already* paid out funds to Plaintiffs' accounts. Plaintiffs seek only to enjoin EPA from continuing to unlawfully interfere with their access to and use of those funds consistent with the Inflation Reduction Act, which they are entitled to do in this Court. *See Nat'l Ctr. for Mfg. Scis. v. United States*, 114 F.3d 196, 200 (Fed. Cir. 1997) ("Like the grant-in-aid applicants referred to in *Bowen v. Massachusetts*, NCMS is seeking funds to which it claims it is entitled under a statute; it is not seeking money in compensation for losses that it has suffered or will suffer as a result of the withholding of those funds.").

*Second*, EPA's continued reliance on a theory of "agency discretion" is misplaced. APA review is unavailable only "in those rare instances where statutes are drawn in such broad terms

that in a given case there is no law to apply." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971) (citation omitted), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). That is not the case here, where regulations clearly set out the boundaries for EPA's conduct. Indeed, those regulations are among the bases for Plaintiffs' claims.

Finally, while EPA cites to a single case applying *DOE* to dissolve a TRO, multiple district courts have found *DOE* distinguishable. *Maine v. U.S. Dep't of Ag.*, 2025 WL 1088946, at *19 n.8 (D. Me. Apr. 11, 2025); *New York v. Trump*, 2025 WL 1093966, at *1-2 (D. R.I. Apr. 14, 2025); *The Sustainability Institute v. Trump*, No. 2:25-cv-2152, ECF No. 52 (D.S.C. Apr. 9, 2025). This Court should follow suit.

## II. A STAY WILL CAUSE IRREPARABLE HARM TO PLAINTIFFS, NOT EPA

To begin, EPA makes no meaningful attempt to articulate any irreparable harm it would suffer from an order requires the funds in dispute to remain at Citibank during the pendency of this action, which is the primary relief State Green Banks seek. This is because EPA will suffer no harm from such an order. EPA's motion for a "stay" in this regard would, far from maintaining the status quo, allow the funds to return to the federal government, thereby altering the status quo ante, rendering those funds all but impossible to retrieve and return to Plaintiffs if they later prevail on the merits, and causing Plaintiffs irreparable harm. *See City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1426-27 (D.C. Cir. 1994). In contrast, keeping the funds at Citibank will ensure that they are available to whichever party ultimately prevails in this action. Notably, that is the relief the Court issued in its TRO, and EPA points to no harms it has suffered as a result in the weeks since the Court issued that order.

Even if the Court issues a preliminary injunction that orders Citibank to resume fulfilling Plaintiffs' disbursement requests, EPA will not be harmed. Any requests submitted by Plaintiffs and fulfilled by Citibank will be made pursuant to and consistent with the Inflation Reduction

Act's requirements for dispensing these funds. Simply put, EPA will not be harmed by Plaintiffs' compliance with the law. Notably, EPA does not suggest that any of the disbursements Plaintiffs seek to have fulfilled are inconsistent with the applicable requirements. But Plaintiffs will suffer irreparable harm if they continue to be denied access to their Citibank accounts, as set forth in their prior briefing. Plaintiffs face imminent economic and reputational harms as a result of EPA's actions, as explained in their prior briefing. If Plaintiffs are unable to resume their funding activities, they will be unable to provide financing to the projects they had planned to support, and their reputations as green banks will be irreparably harmed. As detailed further in their Motion for Preliminary Injunction, EPA's conduct may even negatively impact State Green Banks' ability to acquire future funding, if left unchecked.

Finally, EPA's contention that the Court could issue a preliminary injunction order and then find sufficient harm to EPA to stay that order pending appeal (and not merely as a brief administrative measure pending EPA's application to the D.C. Circuit for a stay) is logically inconsistent. "Under these circumstances, where the order stayed involves a preliminary injunction, a principle element of which is a finding of irreparable harm that is imminent, it is logically inconsistent, and in fact a fatal flaw, to subsequently find no irreparable nor even serious harm to the Plaintiffs pending appeal." *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 235 (2d Cir. 1999). If the Court finds sufficient irreparable harm to issue a preliminary injunction in this case, it should not issue a stay of that order pending appeal, as that would effectively negate the order and cause Plaintiffs to suffer the very harms the preliminary injunction is designed to protect.

### III. THE PUBLIC INTEREST DISFAVORS A STAY PENDING APPEAL

Finally, the balance of equitable factors, and in particular the public interest, supports denial of EPA's motion. EPA continues to rely on its contention that it is "safeguarding the

public fisc," but Plaintiffs are not seeking to spend money from the public fisc in a manner harmful to the public. Rather, granting Plaintiffs the relief they seek would simply allow them to resume spending money consistent with Congress' appropriation of funds for that purpose in the Inflation Reduction Act. It is EPA who undermines the public interest by continuing to try to stop Plaintiffs' lawful fulfillment of Congress' intent by clawing back funds that were duly obligated and have been lawfully disbursed to Plaintiff. As the Court has already recognized, "[t]here is generally no public interest in the perpetuation of unlawful agency action," and "there is a substantial interest in 'having governmental agencies abide by the federal laws that govern their existence and operations.'" ECF No. 28 at 23. (quoting *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016)).

## CONCLUSION

For the foregoing reasons, the Court should deny EPA's motion.

| | |
|---|---|
| Date: April 15, 2025 | Respectfully submitted, |
| ROB BONTA<br>Attorney General of California | KEITH ELLISON<br>Minnesota Attorney General |
| s/ Meghan Strong<br>**MEGHAN STRONG**<br>THEODORE A. MCCOMBS<br>JOHN D. ECHEVERRIA<br>DYLAN REDOR<br>MEGAN RICHARDS<br>Deputy Attorneys General<br>California Department of Justice<br>455 Golden Gate Avenue<br>San Francisco CA 94102<br>(415) 510-3877<br>meghan.strong@doj.ca.gov | s/ Peter N. Surdo<br>**PETER N. SURDO**<br>Special Assistant Attorney General<br>OLIVER LARSON<br>Manager, Environment and Natural Resources Division<br>CATHERINE RIOS-KEATING<br>Special Assistant Attorney General<br>Minnesota Attorney General's Office<br>445 Minnesota Street, Suite 600<br>651-757-1061<br>peter.surdo@ag.state.mn.us |
| *Attorneys for California Infrastructure and Economic Development Bank* | *Attorneys for Minnesota Climate Innovation Finance Authority* |
| | (additional signatures on following page) |

| | |
|---|---|
| KWAME RAOUL<br>Attorney General of Illinois<br><br>s/ Jason E. James<br>**JASON E. JAMES**<br>Assistant Attorney General<br>MATTHEW J. DUNN<br>Chief, Environmental<br>Enforcement/Asbestos Litigation Division<br>Office of the Attorney General of Illinois<br>201 W. Pointe Drive, Suite 7<br>Belleville, IL 62226<br>(217) 843-0322<br>jason.james@ilag.gov<br><br>*Attorneys for Illinois Finance Authority* | AARON M. FREY<br>Attorney General of Maine<br><br>s/ Emma Akrawi<br>**EMMA AKRAWI**<br>SCOTT W. BOAK<br>Assistant Attorneys General<br>Office of the Maine Attorney General<br>6 State House Station<br>Augusta, ME 04333<br>(207) 626-8800<br>Emma.Akrawi@maine.gov<br><br>*Attorneys for Efficiency Maine Trust* |

# CERTIFICATE OF SERVICE

Case Name: *California Infrastructure and Economic Development Bank, et al. v. Citibank, N.A., et al.*

Case No.    **1:25-cv-00698**

I hereby certify that on <u>April 15, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE GREEN BANK PLAINTIFFS' OPPOSITION TO EPA'S CONTINGENT EMERGENCY MOTION FOR STAY PENDING APPEAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 15, 2025</u>, at San Francisco, California.

| G. Pang | Signature |
|---|---|
| Declarant | |

SA2025301171/44589736.docx