UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CLIMATE UNITED FUND**<br><br>            Plaintiff,<br><br>v.<br><br>**CITIBANK, N.A**., *et al.*<br><br>            Defendants. | Civil Action No. 25-cv-698-TSC<br>Civil Action No. 25-cv-735-TSC<br>Civil Action No. 25-cv-762-TSC<br>Civil Action No. 25-cv-820-TSC<br>Civil Action No. 25-cv-938-TSC<br>Civil Action No. 25-cv-948-TSC<br>(Consolidated Cases) |

**MOTION TO CLARIFY ORDER
GRANTING PRELIMINARY INJUNCTION**

Plaintiffs Climate United Fund ("Climate United"), Coalition for Green Capital ("CGC"), and Power Forward Communities, Inc. ("PFC") file this motion to request that the Court clarify its April 15, 2025 Order granting a preliminary injunction (the "Order"), ECF No. 80, with respect to the obligations imposed on Defendant Citibank, N.A. ("Citibank").

While Defendants have noticed appeals and sought a stay pending appeal before the D.C. Circuit, this Court retains jurisdiction to clarify its Order. *See Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 985 F. Supp. 2d 23, 29 (D.D.C. 2013) ("This Court retains jurisdiction to modify or clarify the order while it is on appeal."). "It is settled that 'after appeal the trial court may, if the purposes of Justice require, preserve the status quo until decision by the appellate court.'" *Id.* (quoting *Newton v. Consol. Gas Co. of New York*, 258 U.S. 165, 177 (1922)). And a court's ability to preserve the status quo "necessarily includes the lesser power to clarify the injunction to supervise compliance." *Id.*

Plaintiffs seek clarification with respect to the Court's **"ORDER[]** that Defendant Citibank must disburse any funds properly incurred *before the mid-February suspension of Plaintiffs'*

*funds.*" ECF No. 80 at 2 (emphasis added).  Plaintiffs respectfully request that the Court substitute the word "since" in this sentence for "before."  Thus, it would read: "Defendant Citibank must disburse any funds properly incurred **since** the mid-February suspension of Plaintiffs' funds."  Alternatively, the Court could simply add the word "since" to this sentence, and the sentence would say: "Defendant Citibank must disburse any funds properly incurred **since** before the mid-February suspension of Plaintiffs' funds."  Although this portion of the Court's Order is currently stayed pursuant to the D.C. Circuit's administrative stay order, the parties and the Court of Appeals would benefit from this clarity.

This change is needed to clarify the injunction and ensure that it conforms to the remainder of the Order and the Court's Memorandum Opinion (ECF No. 89) supporting that Order.  If the Court does not add a clarifying "since," there is a risk that EPA and Citibank will read the Order to limit Citibank's obligation to disburse only those funds that correspond to non-reimbursed costs incurred by Plaintiffs *before* Defendants suspended Plaintiffs' accounts in mid-February.[1]  But the balance of the Order and Memorandum Opinion make plain that the Court did not intend to thus limit Citibank's obligations.

*First*, in the Memorandum Opinion, the Court explained that "[s]ince mid-February 2025, Plaintiffs have attempted to draw on funds from their respective accounts to no avail." ECF No. 89 at 2.  The Court later explained that for Plaintiffs to obtain relief, they must "have access to the funds in their accounts, dating back to, at a minimum, when their accounts were suspended in mid-February." *Id.* at 14.  And, when the Court considered the claims against Citibank, it held that "there was no legal basis for the government to order that [Plaintiffs'] funds be frozen," *id.* at 31,

---

[1] Although the paragraph at issue plainly does not *foreclose* Citibank from disbursing funds subsequently requested, the text may leave room for disagreement and confusion.

which Citibank nevertheless did in mid-February. Thus, the Court stated, it would "order[] Citibank to disburse *any funds* properly incurred under Plaintiffs' awards, in accordance with the relevant agreements," *id.* at 32 (emphasis added).

*Second*, the rest of the Order effectively directs Defendants to disburse any funds Plaintiffs request, except as restricted by the Account Control Agreements or other authority. The first paragraph of the Order enjoins the EPA Defendants from "unlawfully suspending or terminating Plaintiffs' grant awards," and from "limiting access to funds," except as permitted by the parties' agreements and applicable law. ECF No. 80 at 2. The EPA Defendants are further enjoined from "directly or indirectly impeding Defendant Citibank" or causing Citibank to deny or limit access to Plaintiffs' funds. And the Defendants collectively, including Citibank, are enjoined from transferring or moving funds except as permitted by the parties' agreements and applicable law.

*Third*, an order to disburse funds frozen since the mid-February suspension is also consistent with the Court's irreparable harm analysis. The Court explained: "The very purpose of Plaintiffs' existence and their business operations, including the financing for their projects, depends on their grant money." ECF No. 89 at 32. Thus, the Court recognized, "*without release of their grant funds*, imminent harm [to Plaintiffs] is unavoidable." *Id.* (emphasis added); *see also id.* at 39 ("Plaintiffs' funding is currently frozen because of Defendants' actions. They cannot access the very thing that has kept them running."). Yet if Plaintiffs are able to access no more than the limited funds that correspond to non-reimbursed costs incurred "before the mid-February suspension," ECF No. 80 at 2, that will not address the irreparable harm the Court identified. For example, of the approximately $4.5 million in non-reimbursed expenses incurred by Plaintiff PFC before the purported grant terminations on March 11, 2025, only $771,295 are expenses that PFC and its subgrantees can readily determine were wholly incurred before February 13, 2025, when

3

Citibank first froze PFC's accounts. Suppl. Mayopoulos Decl. ¶ 10. That amount is not enough the keep the lights on during this litigation, let alone sufficient to permit PFC to meet its commitments to the American public. *Cf. id.* at ¶ 13.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court clarify its Order of April 15, 2025, ECF No. 80, to make clear—consistent with its Memorandum Opinion—that Defendant Citibank must "disburse any funds properly incurred **since** the mid-February suspension of Plaintiffs' funds."

Dated: April 17, 2025                                Respectfully submitted:

/s/ *Vincent Levy*
Vincent Levy (NY 0487)
Kevin D. Benish (NY0495)
Patrick J. Woods*
Daniel Fahrenthold (NY0603)
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Tel.: (646) 837-5151
vlevy@hsgllp.com
*Application for admission pending.

*Attorneys for Plaintiff Coalition for Green Capital*

/s/ *Beth C. Neitzel*
Beth C. Neitzel (103611)
Jack C. Smith (1725229)
Kevin Y. Chen (admitted *pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard, Suite 1600
Boston, MA 02210
Tel. (617) 832-1000
bneitzel@foleyhoag.com
jcsmith@foleyhoag.com
kchen@foleyhoag.com

/s/ *Adam G. Unikowsky*
Adam G. Unikowsky (989053)
Kathryn L. Wynbrandt* (1602446)
David B. Robbins (493976)
Tanner J. Lockhead* (90011928)
JENNER & BLOCK LLP
1099 New York Avenue, Suite 900
Washington, D.C. 20001
Tel.: (202) 639-6000
Fax: (202) 639-6066
aunikowsky@jenner.com
*Application for admission pending.

Gabriel K. Gillett (admitted *pro hac vice*)
Simon A. de Carvalho (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350
ggillett@jenner.com
sdecarvalho@jenner.com

Noah C. Shaw (admitted *pro hac vice*)
James M. Gross (admitted *pro hac vice*)
FOLEY HOAG LLP
1301 Ave. of the Americas, 25th Floor
New York, NY 10019
Tel.: (212) 812-0400
ncshaw@foleyhoag.com
jgross@foleyhoag.com

*Attorneys for Plaintiff Power Forward Communities*

Allison N. Douglis (admitted *pro hac vice*)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Tel.: (212) 891-1600
Fax: (212) 891-1699
adouglis@jenner.com

*Attorneys for Plaintiff Climate United Fund*