UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CLIMATE UNITED FUND**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**CITIBANK, N.A.**, *et al.*<br><br>　　　　　Defendants. | Civil Action No. 25-cv-698 (TSC)<br>Civil Action No. 25-cv-735 (TSC)<br>Civil Action No. 25-cv-762 (TSC)<br>Civil Action No. 25-cv-820 (TSC)<br>Civil Action No. 25-cv-938 (TSC)<br>Civil Action No. 25-cv-948 (TSC)<br>(Consolidated Cases) |

## ORDER

Plaintiffs Climate United Fund ("Climate United"), Coalition for Green Capital ("CGC"), and Power Forward Communities, Inc. ("PFC") moved the court to clarify its April 15, 2025 Order granting Plaintiffs' preliminary injunction ("Order"), ECF No. 80, with respect to the obligations imposed on Defendant Citibank, N.A. ("Citibank").[1] Mot. to Clarify Order ("Mot."), ECF No. 91. Specifically, Plaintiffs seek clarification with respect to this portion of the Order: "**ORDERED** that Defendant Citibank must disburse any funds properly incurred *before the mid-February suspension of Plaintiffs' funds*," Order at 2 (emphasis added), to ensure that it conforms to the remainder of the Order and the Court's Memorandum Opinion [] supporting that Order." Mot. at 2. Plaintiffs state that "[a]lthough this portion of the Court's Order is currently stayed pursuant to the D.C. Circuit's administrative stay order, the parties and the Court of Appeals would benefit from this clarity." *Id.*

---

[1] The court's Preliminary Injunction Order applies to Plaintiffs Climate United Fund, Power Forward Communities, Inc. ("PFC"), Coalition for Green Capital ("CGC"), Justice Climate Fund, Inclusiv, Inc. and Subgrantee Plaintiffs California Infrastructure and Economic Development Bank, Efficiency Maine Trust, Illinois Finance Authority, Minnesota Climate Innovation Finance Authority.

1

EPA Defendants object to the motion, arguing that "because the scope of injunctive relief is the very question before the Court of Appeals, this Court currently lacks authority to act upon Grantee's motion." Defs.' Obj. to Mot., ECF No. 94 at 1. As Defendants correctly point out, "[t]"he Court of Appeals granted an administrative stay, in part, and has set a briefing schedule to address the government's stay motion." *Id.* at 2. The Court of Appeals stayed this court's order "insofar as it (1) enables or requires Citibank to release, disburse, transfer, otherwise move, or allow access to funds," and ordered "that no party take any action, directly or indirectly, with regard to the disputed contracts, grants, awards or funds." *See Climate United Fund v. Citibank, N.A.*, No. 25-5122, 2025 WL 1123856, at *1 (D.C. Cir. Apr. 16, 2025).

The court construes Plaintiffs' motion more appropriately as a motion to amend judgment under Federal Rule of Civil Procedure 59(e), and **GRANTS** the motion.

Under Federal Rule of Civil Procedure 59(e), a party may move to "alter or amend a judgment no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quotation marks omitted); *see also Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018). "The rule may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Shvartser v. Lekser*, 330 F. Supp. 3d 356, 360 (D.D.C. 2018) (citation and internal quotation marks omitted). The court grants the motion to correct an error in the court's Order with respect to the obligations imposed on Defendant Citibank.

To begin, the court reiterates its findings: the court found for Plaintiffs and granted their motion for a preliminary injunction because, among the other factors the court addressed, "[t]he record does not indicate that EPA's decisions were lawfully made" when EPA suspended and then terminated Plaintiffs' grant awards. Mem. Op. at 29–30, ECF No. 89. The court thus "order[ed] Citibank to disburse any funds properly incurred under Plaintiffs' awards, in accordance with the relevant agreements." *Id.* at 32; *see also id.* at 14 ("[w]ere the court to grant Plaintiffs' relief," which it did, "[Plaintiffs] would have access to the funds in their accounts, dating back to, at a minimum, when their accounts were suspended in mid-February.").

As the court discussed in its Memorandum Opinion, sections I.B.4 and I.B.5 of the Financial Agency Agreement ("FAA") between Citibank and the U.S. Treasury Department permit Citibank "to freeze accounts at the direction of the relevant secured party, in accordance with the account control agreements" and only in response to "lawful instructions or directions received from Treasury." *Id.* at 31. The court found that "Citibank performed its obligations under the FAA in accordance with its responsibilities as a financial agent of the United States, but the instructions it received were not lawful, as the record shows there was no legal basis for the government to order that the funds be frozen." *Id.*

Thus, the court "order[ed] Citibank to disburse any funds properly incurred under Plaintiffs' awards, in accordance with the relevant agreements." *Id.* at 32. The court also "enjoin[ed] Citibank from transferring or otherwise moving funds out of accounts established in connection with Plaintiffs' grants, including funds in accounts established by Plaintiffs' subgrantees, except as permitted by the applicable ACA, the grant award, the relevant regulations, and applicable law." *Id.* at 31–32. As the court explained, "[t]he very purpose of Plaintiffs' existence and their business operations, including the financing for their projects, depends on their

grant money" and "without release of their grant funds, imminent harm [to Plaintiffs] is unavoidable." *Id.* at 32.  The court then enjoined Citibank, in part, "from violating its obligations under each Plaintiff's ACA, including by failing to process, disburse, and release funds in accounts established in connection with Plaintiffs' grants, including funds in accounts established by Plaintiffs' subgrantees, in accordance with the applicable ACA, both with respect to requests already submitted and future requests."  Order at 3.

For those reasons, and to ensure that the court's Order conforms with its Memorandum Opinion, the court **GRANTS** Plaintiffs' motion to amend judgment, ECF No. 91, and amends its Order, ECF No. 80, in that the Order should read:

**ORDERED** that Defendant Citibank must disburse any funds properly incurred since the mid-February suspension of Plaintiffs' funds.[2]

Date: April 19, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[2] This replaces the following sentence in the court's order: [it is hereby] **ORDERED** that Defendant Citibank must disburse any funds properly incurred before the mid-February suspension of Plaintiffs' funds.  The rest of the court's Order, ECF No. 80, remains unchanged.