IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CLIMATE UNITED FUND,** *et al.* <br><br> Plaintiffs, <br> v. <br> **CITIBANK, N.A.,** *et al.* <br><br> Defendants. | Civil Action No. 25-cv-698-TSC <br> Civil Action No. 25-cv-735-TSC <br> Civil Action No. 25-cv-762-TSC <br> Civil Action No. 25-cv-820-TSC <br> Civil Action No. 25-cv-938-TSC <br> Civil Action No. 25-cv-948-TSC <br> Civil Action No. 25-cv-1208-TSC <br> (Consolidated Cases) |

**EPA'S UNOPPOSED MOTION TO STAY
COMPLAINT RESPONSE DEADLINES**

Defendants Environmental Protection Agency and its named officials ("EPA") move the Court to stay the deadlines for EPA and defendant Citibank, N.A. ("Citibank") (collectively, "Defendants") to respond to Plaintiffs' complaints in these seven consolidated cases pending resolution by the United States Court of Appeals for the District of Columbia Circuit of the appeal of the Court's order granting a preliminary injunction ("PI Order"), ECF No. 80, as clarified, ECF No. 96.  EPA further requests that the Court schedule a status conference after the Court of Appeals issues the mandate to determine how these cases should proceed.  Citibank does not oppose this motion.  Plaintiffs do not agree that the pending appeal of the preliminary injunction deprives this Court of jurisdiction over questions relevant to the disposition of the merits (including regarding its own jurisdiction), but Plaintiffs do not oppose the proposed limited stay of defendants' obligations to respond to the complaints, in the interest of judicial and party economy

**BACKGROUND**

EPA filed a notice of appeal following the entry of the PI Order.  *See* ECF No. 81 (EPA Notice of Appeal); *see also* ECF No. 86 (Citibank Notice of Appeal).  The Court of Appeals

1

expedited briefing, which concluded on May 15, 2025, and heard oral argument on May 19, 2025. *Climate United Fund*, No. 25-5122. On appeal, EPA asks the Court to decide "[w]hether the district court had jurisdiction over plaintiffs' claims challenging EPA's termination of their grant agreements and seeking an injunction requiring EPA and its fiscal agent to resume disbursing funds under those agreements. *Id.*, ECF No. 2114428, EPA Opening Brief at 4. EPA also asked the Court to determine "[w]hether the injunction can alternatively be justified on the theory that EPA's decision to terminate the grant agreements and re-obligate the funds violates the Constitution." *Id.*

Plaintiffs filed and served their complaints at different times. As a result, Defendants' response deadlines range from an initial deadline of May 23, 2025, *see* ECF No. 54, to the latest deadline of June 30, 2025, which is 60 days from the date Plaintiff Opportunity Finance Network served the United States. *See* No. 25-cv-1208-TSC, ECF No. 13; Fed. R. Civ. P. 12(a)(2) (providing a 60-day deadline for United States agencies and officials sued in their official capacities). Plaintiffs assert similar, if not identical, claims in their complaints.

## ARGUMENT

Good cause supports EPA's unopposed requested stay of Defendants' response deadlines. Should EPA respond as currently scheduled to Plaintiffs' complaints with a motion to dismiss, the motion would likely raise legal issues now on appeal to the D.C. Circuit, including (i) whether the Court lacks jurisdiction and (ii) whether Plaintiffs' claims are capable of supporting the relief sought.

The Court would likely lack jurisdiction to adjudicate Defendants' anticipated motion to dismiss during the pending of the appeal, because the Court would be required to address legal questions now before the Court of Appeals. As this Court has recognized, "'[t]he filing of a

notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Trump*, 706 F. Supp. 3d 91, 93 (D.D.C. 2023) (Chutkan, J.) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).  A stay here would be consistent with the "clear background principle prescribed by [the Supreme] Court's precedents:  An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs*, 459 U.S. at 58); *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997).  "The district court does not regain jurisdiction over those issues until the court of appeals issues its mandate." *DeFries*, 129 F.3d at 1302 (citing *Johnson v. Bechtel Associates Professional Corp.,* 801 F.2d 412, 415 (D.C. Cir. 1986) (per curiam)).

The Court may also grant this motion pursuant to its discretionary authority.  *See Wilderness Soc'y v. Trump*, No. 1:17-CV-02587 (TSC), 2024 WL 4880449, at *2 (D.D.C. Nov. 25, 2024) (Chutkan, J.) (recognizing that "[t]he power to stay proceedings is inherent to the court's power to control the disposition of the causes on its docket" and that "[a] stay may be particularly appropriate where resolution of the other litigation will likely narrow the issues and assist in determination of questions of law") (internal citations and quotation marks omitted).

For the reasons stated, EPA respectfully moves the Court to stay the deadlines to respond to the complaints until the Court of Appeals issues its mandate on the pending appeal.  *See* Fed. R. App. P. 41 (describing timing for issuing mandate to the district court); *see also DeFries*, 129 F.3d at 1303 ("Where, as here, our mandate had not issued, the district court lacked jurisdiction to proceed with trial whether we later sustained its jurisdiction or not.").  EPA further requests

that the Court conduct a status conference after issuance of the mandate to determine how these cases should proceed in light of the Court of Appeals decision.

## CONCLUSION

For these reasons, EPA respectfully asks the Court to grant its unopposed motion to stay Defendants' complaint response deadlines.

Dated: May 21, 2025

Respectfully Submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

KIRK T. MANHARDT
Director

*/s/ Marc S. Sacks*
MARC S. SACKS (Ga. Bar No. 621931)
*Deputy Director*
KEVIN P. VANLANDINGHAM (NY Reg No. 4741799)
*Assistant Director*
U.S. Department of Justice
Civil Division, Corporate/Financial Section
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044-0875
Tel: (202) 307-1104
Email: marcus.s.sacks@usdoj.gov

*Attorneys for the United States Environmental Protection Agency*